770 So.2d 1052 (2000)
James M. PACE, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-CP-00370-COA.
Court of Appeals of Mississippi.
November 14, 2000.
*1053 Appellant Pro Se.
Office of the Attorney General by Wayne Snuggs, Attorney for Appellee.
BEFORE McMILLIN, C.J., LEE, AND PAYNE, JJ.
PAYNE, J., for the Court:

PROCEDURAL HISTORY
¶ 1. James M. Pace pled guilty on February 7, 1997, to robbery as an habitual offender. Pace was sentenced to serve fifteen years with the Mississippi Department of Corrections and filed a motion for post-conviction relief on January 14, 1998, citing ineffective assistance of counsel. His motion was denied, and Pace now appeals to this Court.

FACTS
¶ 2. James Pace was convicted of robbery for snatching the purse of Sandra Andrews, striking her and stealing the money from her purse. At the guilty plea hearing, Pace acknowledged that he understood he had a right to a trial where he could testify on his own behalf, that he knew at a trial that the prosecution would have to prove all elements of his offense beyond a reasonable doubt, that he could appeal the jury's verdict to the supreme court, and that a guilty plea waived all of these rights. Further, Pace affirmed that he had not been threatened or promised anything in exchange for his guilty plea, and that he understood the maximum sentence he could receive and that he would not be eligible for early release or parole. Importantly, Pace admitted that he was guilty of the crime with which he was charged.

ANALYSIS OF THE ISSUES PRESENTED

STANDARD OF REVIEW
¶ 3. With this appeal, appellant James Pace raises the following issue for our review:

I. DID THE TRIAL COURT ERR IN DENYING DEFENDANT'S MOTION FOR POST-CONVICTION RELIEF BY FINDING THAT SAID MOTION DOES NOT STATE A CLAIM FOR RELIEF UNDER CURRENT CASE LAWS EVEN IF THE ALLEGATIONS MADE IN SAID MOTION ARE TRUE AND WOULD CONSTITUTE THAT DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AND HIS GUILTY PLEA WAS NOT VOLUNTARY AND THAT DEFENDANT WAS INCOMPETENT TO STAND TRIAL.
¶ 4. Our standard of reviewing a trial court's denial of post-conviction relief is well-stated. "When reviewing a lower court's decision to deny a petition for post-conviction relief this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous. However, where questions of law are raised the applicable standard of review is de novo." Terry v. State, 755 So.2d 41 (¶ 4) (Miss.Ct.App.1999) (quoting Brown v. State, 731 So.2d 595, 598 (Miss.1999)).

*1054 DISCUSSION OF THE ISSUE
¶ 5. In his motion for post-conviction relief, Pace is very scant in stating his grounds for his motion. Essentially, Pace argues that his counsel was ineffective and that he did not voluntarily enter his guilty plea. He raises other issues in his brief, namely that he was mentally incompetent, but since this is the first time these issues are raised, they are procedurally barred and we will not review them. See Lyle v. State, 756 So.2d 1 (¶ 11) (Miss.Ct.App. 1999) ("Appellants are not entitled to raise new issues on appeal because to do so prevents the trial court from addressing the alleged error.") see also Gardner v. State, 531 So.2d 805, 808-09 (Miss.1988) (the Mississippi Supreme Court refused to allow an issue to be raised that was not first raised in the motion for post-conviction relief).
¶ 6. When a claim of ineffective assistance of counsel is made, this Court looks to the familiar standard enunciated in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which has been adopted by the Mississippi Supreme Court. Brooks v. State, 573 So.2d 1350 (Miss.1990) As stated in Strickland, the defendant must first show, "that his counsel's performance was deficient and second, that the deficient performance prejudiced the defense so as to deprive him of a fair trial." Brooks v. State, 573 So.2d at 1353 (citations omitted). As described in this opinion, Pace has not proven either of these points, and thus, his counsel was not ineffective.
¶ 7. Pace claims that he was coerced by his attorney of record to waive his constitutional rights to trial by jury and that he was coerced into entering a guilty plea to a crime for which he was not guilty. This is directly contrary to Pace's affirmations before the judge at his guilty plea hearing, wherein Pace specifically stated that he was not coerced into either of these actions. Pace cites a U.S. Supreme Court case which states, "for a plea to be voluntary and intelligent a defendant must be apprised of the direct consequences of entering the plea." Brady v. U.S., 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). This is exactly what Pace did at the plea hearing where Pace's counsel and the judge both told Pace what rights he was waiving and what the consequences most certainly would be.
¶ 8. Pace contends that his attorney lied to him about how much jail time he would receive, though at the plea hearing the judge told Pace what his sentence would be and Pace acknowledged that he understood what his sentence would be as an habitual offender. In all, none of Pace's arguments have any merit.

CONCLUSION
¶ 9. Pace argues, for the first time on appeal, that he was incompetent at the time of the commission of the crime and at the time of his trial; however, Pace never brought this up prior to this appeal, and as previously stated, we will not consider it now for the first time on appeal. Pace has not shown that his counsel was ineffective, and we find that his motion for post-conviction relief was rightly denied.
¶ 10. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY DENYING THE APPELLANT'S MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO HINDS COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MOORE, MYERS, AND THOMAS, JJ., CONCUR.