791 So.2d 854 (2001)
John C. LAUSHAW, Jr., Appellant
v.
STATE of Mississippi, Appellee.
No. 2000-CP-00701-COA.
Court of Appeals of Mississippi.
June 5, 2001.
Rehearing Denied August 7, 2001.
John C. Laushaw, Jr., Appellant pro se.
Office of the Attorney General by Jean Smith Vaughan, for Appellee.
Before KING, P.J., PAYNE, and MYERS, JJ.
KING, P.J., for the Court:
¶ 1. John C. Laushaw, Jr. (Laushaw) perfected this appeal from an order denying post-conviction collateral relief entered by the Circuit Court of Amite County, Mississippi. On May 24, 1990, Laushaw pled guilty to armed robbery, kidnapping, and capital murder. Laushaw was sentenced *855 to serve a term of thirty years on the armed robbery charge. On the kidnapping, he was sentenced to ten years to run concurrently to the armed robbery charge. On the capital murder, Laushaw was sentenced to a term of life to run consecutively to the armed robbery sentence.
¶ 2. Laushaw, pro se, filed a petition for post-conviction collateral relief in April 1993. He filed an amended petition for post-conviction collateral relief in November 1999. Both petitions were dismissed by the trial court. On appeal, Laushaw raises the following issues:
I. Whether the trial court erred in denying Laushaw's petition for post-conviction collateral relief as barred by the statute of limitations?
II. Whether the trial court erred by denying Laushaw's amended motion for post-conviction collateral relief?

FACTS
¶ 3. On October 16, 1989, Laushaw was indicted for capital murder, armed robbery, and kidnapping. Laushaw was represented by Alvin Binder and Randall Harris on the capital murder charge. On the armed robbery and kidnapping charges, Laushaw was represented by Samuel Tumey. Initially, Laushaw entered pleas of not guilty during arraignment on the respective charges.
¶ 4. On May 24, 1990, in open court, Laushaw withdrew his previously entered not guilty pleas, and entered pleas of guilty on all charges. During the hearings on Laushaw's petitions to enter guilty pleas, the trial judge questioned Laushaw extensively to determine whether his pleas to the charges of armed robbery and kidnapping were knowingly and voluntarily made. The charges were read, and Laushaw testified that he understood the nature of the charges and stated that he was in fact guilty of the crimes.
¶ 5. The trial judge also questioned Laushaw to determine if his attorney had advised him of the maximum and minimum penalties allowable for each charge. Laushaw acknowledged that his attorney had advised him of the penalties in each case. The trial judge informed Laushaw that the guilty pleas would waive his right to a jury trial and other constitutional rights including the right to have a trial and to testify on his own behalf, or not to testify, as he chose. Laushaw acknowledged that he understood his rights and affirmed his pleas of guilty.
¶ 6. Upon inquiry by the court, the State recommended that Laushaw be sentenced on the armed robbery charge to thirty years in the custody of the Mississippi State Department of Corrections. The State also recommended that Laushaw be sentenced on the kidnapping charge to ten years in the custody of the Mississippi Department of Corrections. The court accepted the recommendations of the State, and allowed those sentences to run concurrently.
¶ 7. Likewise, Laushaw entered a guilty plea to the capital murder charge. The trial judge questioned Laushaw again to determine whether his plea to this charge was knowingly, voluntarily, and intelligently made. In addition to some of the same questions previously asked, the trial judge questioned Laushaw about his educational background to determine if he understood the nature of the charge. Again, Laushaw acknowledged his understanding, and affirmed his plea of guilty. The trial judge also asked Laushaw if anyone threatened him or intimidated him in any manner in regard to his charge. Laushaw testified that he had not been threatened. The court accepted his plea and asked the State if it had a recommendation on this *856 charge. The State recommended that Laushaw be sentenced to a term of life in the custody of the Mississippi State Department of Corrections, and further requested that the court order the life sentence to run consecutively to the thirty year sentence imposed on the armed robbery charge. The court accepted and imposed the State's recommendation. Laushaw petitioned the Amite County Circuit Court for post-conviction relief in forma pauperis on April 27, 1993. No action was taken on this petition by either Laushaw or the court.
¶ 8. In November 1999, Laushaw filed an amended petition for post-conviction collateral relief. By an order dated August 7, 2000, the court dismissed this petition as being time barred and by order dated August 8, 2000, ruled that the petition filed in April 1993 was abandoned by Laushaw's failure to pursue the petition or to pursue a ruling on the petition, by way of motion, mandamus or other action. The court, in its August 8, 2000 order, also stated that notwithstanding the abandonment of the previous petition, that Laushaw was entitled to no relief on the merits of either petition. From that denial of relief, Laushaw has perfected this appeal.

ISSUES AND ANALYSIS

I.

Whether the trial court erred in denying Laushaw's petition for post-conviction collateral relief as barred by the statute of limitations?
¶ 9. Mississippi Code Annotated section 99-39-5(2) (Rev.2000) requires that requests for post-conviction relief be filed within three years after entry of judgment of conviction. The exceptions to this three year limitation are: (1) cases in which the prisoner can show that there has been an intervening decision of the Mississippi or United States Supreme Court which would adversely affect the outcome of his conviction, (2) cases in which he has new evidence, not discoverable at trial, that would have caused a different result in conviction or sentence, or (3) cases in which the prisoner claims his sentence has expired or his probation, parole or conditional release has unlawfully been revoked.
¶ 10. The record reflects that Laushaw had indeed filed his original request for post-conviction relief within the three year period of limitation. However, the trial court found that Laushaw had failed to timely pursue his petition, resulting in its abandonment.
¶ 11. Pursuant to Berryman v. State, 734 So.2d 292 (¶ 8) (Miss.Ct.App. 1999), a motion for post-conviction relief is not a "motion" in the traditional sense, but rather is the commencement of a new civil action. A plaintiff is entitled to notice prior to its unilateral dismissal, as motions that lapse due to inaction do not include motions that commence post-conviction relief actions. Id.
¶ 12. There was no notice of any intent to act upon Laushaw's motion given by the trial court, nor was there any notice of any action taken upon Laushaw's motion given by the trial court. Indeed, the trial court took no steps to dismiss this action. Therefore, Laushaw's original motion of April 1993 was pending and viable, when his amended motion for post-conviction relief was filed in November 1999. He was, accordingly, entitled to a decision on that motion.
¶ 13. "When reviewing a lower court's decision to deny a petition for post-conviction relief this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous. However, where questions of law are raised the applicable standard of review is *857 de novo." Pace v. State, 770 So.2d 1052 (¶ 4) (Miss.Ct.App.2000).
¶ 14. Having reviewed the record in this matter, we note that Laushaw's petition of April 1993 does not fully satisfy the requirements of Mississippi Code Annotated section 99-39-9, which provides that motions for post-conviction relief should contain affidavits which include facts and state how or by whom these facts will be proven. Robertson v. State, 669 So.2d 11, 12-13 (Miss.1996). Laushaw's April 1993 motion for post-conviction relief did not include an affidavit, or the names of anticipated witnesses, or the substance of their testimony. Therefore, this Court agrees that this petition was without merit.

II.

Whether the trial court erred by denying Laushaw's amended motion for post-conviction collateral relief?
¶ 15. Laushaw suggests that the trial court committed manifest injustice by denying his amended motion for post-conviction collateral relief which was filed in November 1999.
¶ 16. On May 24, 1990, Laushaw entered a plea of guilty on all charges. As noted in the first issue, Mississippi Code Annotated section 99-39-5(2) (Rev.2000) requires that requests for post-conviction relief from guilty pleas be filed within three years after entry of judgment of conviction. Laushaw's deadline for timely filing under the statute was May 24, 1993. Laushaw had the right to amend his petition to clarify those issues first raised in the 1993 petition. However, any new matters were still subject to the three year limitation of Mississippi Code Annotated section 99-39-5(2) (Rev.2000). The matters included in Laushaw's 1999 petition were all new matters, filed beyond the three year period of limitation, which met none of the exceptions of Mississippi Code Annotated section 99-39-5(2) (Rev.2000).
¶ 17. Despite these discrepancies, the lower court, in considering Laushaw's amended motion for post-conviction collateral relief of November 1999, reviewed the entire record consisting of the indictments, pleas and sentencing transcripts, and other matters related to the three underlying criminal cases. The court also considered the motion for post-conviction relief filed in April 1993. Upon consideration of all of the above matters, the court issued a second order dated and filed on August 8, 2000, which found Laushaw's substantive petition to be without merit and the November 1999 petition to be time barred.
¶ 18. Having reviewed the information in the record, this Court agrees with the lower court and also finds that Laushaw's amended petition is time barred.
¶ 19. THE JUDGMENT OF THE AMITE COUNTY CIRCUIT COURT DENYING POST CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO AMITE COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., and PAYNE, BRIDGES, THOMAS, LEE, IRVING, MYERS and CHANDLER, JJ., concur.