BRANTLEY, J.,
for the court.
¶ 1. Oliver Jake Gras has appealed from a decision of the Harrison County Circuit Court denying Gras’s post-conviction relief motion. The motion was dismissed without an evidentiary hearing as procedurally barred. Gras’s appeal claims that the lower court erred in denying relief on his claim because his motion did meet the statutory requirements. Finding no error in the lower court’s ruling, we affirm the decision.
FACTS
¶2. The grand jury indicted Gras on seven counts of gratification of lust and sexual battery. Gras pled guilty to Count II, sexual battery, and Count VII, touching a child for the purpose of gratification of lust. On March 12,1999, the court accepted his plea and sentenced Gras to fifteen years on Count II and to fifteen years on Count VII to run consecutively, with fifteen years suspended.
¶ 3. On July 28, 2000, Gras filed a motion for post-conviction relief. The motion was denied without benefit of a hearing for failure to comply with Miss.Code Ann. Sections 99-39-5(1) and 99-39-9(3) (Rev. 2000). Aggrieved, Gras filed this appeal arguing that the motion did comply with the statutory requirements.
DISCUSSION OF THE ISSUE
¶ 4. A motion for post-conviction relief may be dismissed if the circuit court finds from the face of the motion and the record of the conviction that no relief can be granted. Miss.Code Ann. § 99-39-11 (Rev.2000). This dismissal will not be reversed unless the decision was clearly erroneous. Laushaw v. State, 791 So.2d 854, 856(¶ 13) (Miss.Ct.App.2001). However, if a question of law is raised, then the review is de novo. Id.
WHETHER THE TRIAL COURT ERRED IN DISMISSING GRAS’S PETITION FOR POST-CONVICTION RELIEF.
¶ 5. According to the statutory requirements, the motion for post-conviction relief must set forth the claim upon which relief is based, both the facts within the petitioner’s personal knowledge and the facts not within his knowledge through sworn affidavits or otherwise, and the motion must be verified under oath of the petitioner. Miss.Code Ann. § 99-39-9 (Rev.2000). *1148 The petitioner s motion may be dismissed “[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief .... ” Miss.Code Ann. § 99-39-11 (Rev.2000). Additionally, if the basis for relief is established only through the uncorroborated assertions of the petitioner which is contradicted on the face of the record, then in accordance with Section 99-39-11, the motion may be dismissed. State v. Santiago, 773 So.2d 921, 923-24(¶ 11) (Miss.2000).
¶ 6. Gras’s motion was not verified by his oath, although he did sign an attached affidavit. Additionally, the motion itself stated no claim for relief. However, the attached affidavit does state that he entered his guilty plea involuntarily. Specifically, Gras’s affidavit states that “[h]ad I been informed of the above facts I would not have entered a plea of guilty but would have preferred to stand trial.” The “above facts” in the affidavit, include his name, when he was indicted, what he was indicted on, the name of his former attorney, that he pled guilty under advise of counsel on two counts and the sentence he received.
¶ 7. Neither his affidavit nor his motion sets forth any information as to why his guilty plea was involuntary. Furthermore, Gras’s assertions are contradicted by the record. Gras did not include as part of the record a transcript of the plea hearing, although his plea petition is part of the record. The plea petition signed by Gras sets forth that he understood that he was waiving his constitutional rights, the minimum and maximum sentence, that the plea was open, that he was satisfied with his attorney and that he was voluntarily pleading guilty. Gras failed to provide any specified facts in order for the lower court or this Court to find any merit to his claim for post-conviction relief. Under these circumstances, the lower court was not required to grant a hearing, nor was the denial of the motion in error. Ford v. State, 708 So.2d 73, 76(¶ 17) (Miss.1998).
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF THE APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR.