LEE, J.,
for the court.
PROCEDURAL HISTORY AND FACTS
¶ 1. Terry Green pled guilty to the charges of manslaughter and aggravated assault in the Madison County Circuit Court. On March 20, 1997, the judgment of conviction was entered, and Green was sentenced to serve twenty years in the custody of the Mississippi Department of Corrections for the manslaughter charge and five years for the aggravated assault charge, with the sentences to run consecutively. Green contends that he filed a motion for a review of sentence with the Madison County Circuit Court on June 26, 1998, and that the motion was later denied and Green did not appeal the denial. However, the record contains neither the motion nor the denial of that motion by the Circuit Court. The record' also lacks a transcript of the guilty plea, a transcript of the sentencing hearing, and Green’s supporting affidavits.
¶ 2. On June 6, 2000, Green filed a motion, which he had signed on May 24, *574 2000, to vacate and set aside the guilty plea and sentence. This motion was denied as time-barred on September 25, 2001, by the Madison County Circuit Court. Green then perfected his appeal to this Court asserting the following issues: (1) the trial court erred in dismissing his motion pursuant to Miss.Code Ann. § 99-39-5(2) because the statute was tolled upon the earlier filing of his motion of review of sentence; (2) there was not an adequate factual basis for the court to accept his plea of guilty; (3) he did not knowingly and voluntarily enter his guilty plea; (4) the trial court failed to consider all the available evidence at the sentencing hearing; (5) his constitutional rights were violated at the plea hearing because there were distractions in the courtroom; and (6) he is entitled to an evidentiary hearing because there is no transcript of his guilty plea. Finding that Green’s motion for post-conviction relief is time-barred, we decline to discuss the issues and, therefore, we affirm the trial court’s ruling.
DISCUSSION OF ISSUES
¶ 3. In reviewing a trial court’s denial of post-conviction relief, our standard of review is well stated. We will not disturb the trial court’s factual findings unless they are found to be clearly erroneous. However, where questions of law are raised the applicable standard of review is de novo. Pace v. State, 770 So.2d 1052(¶ 4) (Miss.Ct.App.2000).
I. WHETHER THE TRIAL COURT ERRED IN DENYING GREEN’S MOTION FOR POST-CONVICTION RELIEF PURSUANT TO MISS. CODE ANN. § 99-39-5(2)?
¶4. With his first issue, Green claims that the three-year statute of limitations under Miss.Code Ann. § 99-39-5(2) was tolled upon the earlier filing of his motion for review of sentence. However, this issue was raised for the first time on direct appeal and, therefore, the issue is barred. Miss.Code Ann. § 99-39-21(2) (Rev.2000).
¶ 5. If Green’s earlier motion was, in fact, a post-conviction relief request, which we believe it was, then the present issue would also be considered a successive petition. Under Miss.Code Ann. § 99-39-23(6) (Rev.2000), all successive petitions are barred if a petitioner has filed a previous post-conviction relief motion.
¶ 6. Regardless of the issues bar and successive pleadings bar, Green’s present motion is time-barred. According to Miss.Code Ann. § 99-39-5(2) (Rev. 2000), “a motion for relief under this chapter shall be made ... in case of a guilty plea, within three (3) years after entry of the judgment of conviction.” The judgment of conviction was March 20, 1997, and Green’s motion was filed June 6, 2000, more than three years after his guilty plea. Therefore, Green’s motion for post-conviction relief is time-barred and we decline to address his remaining issues.
¶ 7. THE JUDGMENT OF THE CIRCUIT COURT OF MADISON COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MADISON COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.