KING, P.J.,
for the court.
¶ 1. Bob and Timothy Willis are brothers and non-residents of the State of Mississippi. They and several others were arrested when an eighteen-wheeler loaded with marijuana was confiscated in Forrest County in May 1980. Following their arrest, Bob and Timothy Willis pleaded guilty to two separate offenses, namely, *556 the attempted sale of a controlled substance and the attempted sale of marijuana. As a consequence of their guilty pleas, no prison time was ordered; however, the Willises were each ordered to pay fines in the amount of $30,000 on each conviction. Almost twenty years later, in August 1999, the Willises filed separate but similar pleadings in the Circuit Court of Forrest County styled “Motion for Posh-Conviction Relief.” Amended motions were later filed in November 1999 alleging, among other things, the following:
That the sentences given for Charges I and II were violative of § § § 41-29-139(c)(1) and 41-29-139(c)(2)(A) and 41-29 — 149(f) of the Mississippi Code of 1972, as amended, with respect to the failure to impose sentences of time, and, therefore, these sentences are void and statutorily impermissible....
¶ 2. An evidentiary hearing was held in April 2001 at which the Willises were represented by counsel. The Willises themselves were incarcerated in a federal correctional facility in Marianna, Florida and waived their appearance. The trial court entered an order and opinion denying the requested relief on the ground that, among other things, a sentence without a period of incarceration was within the authority of the trial court judge. This pro se appeal is from that denial of their motion. Finding that this Court lacks jurisdiction, the appeals are dismissed.
¶ 3. The preeminent requirement of the Post-Conviction Collateral Relief Act is that the petitioner be “a prisoner in custody under sentence of a court of record of the State of Mississippi.” Miss.Code Ann. § 99-39-5 (Rev.2000). The Willises are not now, nor have they ever been, imprisoned under sentence of a court of record of the State of Mississippi as far as this Court is aware. As a result, the trial court did not possess the requisite jurisdiction to rule on the motion; consequently, no jurisdiction is conferred upon this Court. Id. The appeals are dismissed.
¶ 4. THE APPEAL OF TIMOTHY CAREY WILLIS OF THE JUDGMENT OF THE CIRCUIT COURT OF FORREST COUNTY IS DISMISSED. THE APPEAL OF BOB G. WILLIS OF THE JUDGMENT OF THE CIRCUIT COURT OF FORREST COUNTY IS DISMISSED. COSTS OF APPEALS ARE ASSESSED TO THE APPELLANTS.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.