906 So.2d 793 (2004)
Cameron D. MOORE, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2003-CP-02294-COA.
Court of Appeals of Mississippi.
December 14, 2004.
*794 Cameron Moore (Pro Se), attorney for appellant.
Office of the Attorney General, by Scott Stuart, attorney for appellee.
Before BRIDGES, P.J., GRIFFIS and ISHEE, JJ.
GRIFFIS, J., for the Court.
¶ 1. Cameron D. Moore pled guilty to the possession of precursor chemicals with the intent to manufacture methamphetamine. Moore was sentenced to serve two concurrent terms of twelve (12) years in the custody of the Mississippi Department of Corrections. Moore was further ordered to pay a fine of $3,000.
¶ 2. Moore, pro se, filed a motion for post-conviction relief, which was denied by the trial court. On appeal, Moore asserts the following errors: (1) the trial court failed to explain the elements of the crime, his burden of proof, and the consequences of entering a guilty plea, (2) he received ineffective assistance of counsel, and (3) he was denied his constitutional right against self-incrimination.

STANDARD OF REVIEW
¶ 3. In reviewing a trial court's decision to deny a motion for post-conviction relief, the standard of review is clear. The trial court's denial will not be reversed absent a finding that the trial court's decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150 (¶ 3) (Miss.Ct. App.2002).

ANALYSIS

I. Whether the trial court failed to explain the elements of the crime, Moore's burden of proof, and the consequences of entering a guilty plea.
¶ 4. Moore argues that the trial court erred by failing to explain the nature of the charges against him, the burden of *795 proof, and the consequences of pleading guilty. Specifically, Moore contends that the plea agreement failed to articulate the State's burden of proof and since this burden was not announced in open court, Moore's guilty plea was involuntary. Based on these contentions, Moore avers that he was denied due process of law.
¶ 5. At the outset, we recognize that this issue is procedurally barred. Mississippi Code Annotated Section 99-39-21(1) (Rev. 2000) provides in part that "failure by a prisoner to raise objections, defenses, claims, questions, issues, or errors either in fact or in law which were capable of determination at trial and/or on direct appeal... shall constitute a waiver thereof and shall be procedurally barred." Since Moore did not raise this issue at the sentencing hearing, he waived its consideration on a motion for post-conviction relief. Miss.Code Ann. § 99-39-21(1) (Rev.2000).
¶ 6. Even if the issue was not procedurally barred, it is wholly without merit. Moore has the burden of proving that the guilty plea was involuntary by a preponderance of the evidence. Brown v. State, 876 So.2d 422, 423 (¶ 4) (Miss.Ct.App. 2004); McClendon v. State, 539 So.2d 1375, 1377 (Miss.1989).
¶ 7. The record reflects that the trial court thoroughly questioned Moore regarding the charges pending against him. The transcript of the plea hearing reveals that the trial court informed Moore of the specific charges, the State's burden of proof regarding those charges and the possible sentence. The trial court also made a detailed inquiry as to whether Moore understood the plea agreement that he had signed. Moore stated under oath that he understood the plea agreement and the consequences of pleading guilty. Moore further affirmed that no one had made any threats or representations to him regarding his sentence. Statements such as these made by Moore in open court under oath are viewed as highly credible. Gable v. State, 748 So.2d 703, 706 (¶ 11) (Miss. 1999); Young v. State, 731 So.2d 1120, 1123 (¶ 12) (Miss.1999).
¶ 8. Moore has failed to show by the preponderance of the evidence the trial court's decision was clearly erroneous. It is clear from the record that Moore was advised by the trial court regarding the nature of the charge and the consequences of the plea; therefore, his plea is considered voluntary and intelligent. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). We find Moore's argument to be without merit.

II. Whether Moore received ineffective assistance of counsel.
¶ 9. The standard applied to claims of ineffective assistance of counsel was first articulated in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), by the United States Supreme Court. To prove ineffective assistance of counsel, Moore must demonstrate that his counsel's performance was deficient and that this deficiency prejudiced Moore's defense. Id. at 687, 104 S.Ct. 2052. The burden of proof rests with Moore and we will measure the alleged deficiency within the totality of circumstances. Hiter v. State, 660 So.2d 961, 965 (Miss.1995); Carney v. State, 525 So.2d 776, 780 (Miss.1988); Read v. State, 430 So.2d 832, 839 (Miss.1983). However, a presumption exists that the attorney's conduct was adequate. Burns v. State, 813 So.2d 668, 673 (¶ 14) (Miss.2001); Stringer v. State, 454 So.2d 468, 477 (Miss.1984).
¶ 10. Moore contends that he received ineffective assistance of counsel since his counsel failed to file a motion for discovery. This contention is the sole ground for his argument. It is maintained by Moore *796 that this failure violated his Sixth and Fourteenth Amendment rights.
¶ 11. We find no merit to Moore's argument. We have consistently held that the failure to file a motion for discovery is insufficient to substantiate an ineffective assistance of counsel claim. Powell v. State, 536 So.2d 13, 16 (Miss.1988); Murray v. Maggio, 736 F.2d 279, 283 (5th Cir.1984). Moore must provide some assertion of critical evidence that would have been discovered had it not been for counsel's alleged deficiency. Ivy v. State, 589 So.2d 1263, 1265 (Miss.1991). Moore makes no such allegation establishing his argument as credible.
¶ 12. Notwithstanding Moore's argument, he failed to object to counsel's representation when given the opportunity. The record is clear that on two separate occasions, Moore answered the trial court that he was satisfied with trial counsel's performance. Furthermore, the plea agreement that Moore signed specifically addressed the adequacy of his counsel and Moore offered no complaint. Upon review, we find the trial court was correct in ruling that Moore did not meet his burden of proof. Thus, we find no error.

III. Whether Moore was denied his constitutional right against self-incrimination.
¶ 13. Moore asserts that the trial court erred in failing to specifically address his constitutional right against self-incrimination. It is Moore's contention that he never waived this right and, therefore, he was denied due process.
¶ 14. The plea agreement signed by Moore expressly addressed each of Moore's constitutional rights. Moore affirmed that he understood that he possessed certain constitutional rights and that a guilty plea constituted a waiver of those rights. The agreement specifically addressed his right against self-incrimination. Moore was asked: "Do you understand that if you plead guilty, you are waiving your constitutional right against self-incrimination ... ?" Moore answered, "Yes."
¶ 15. Furthermore, a review of the plea transcript reveals that the trial court adequately addressed Moore's constitutional rights. After ascertaining Moore's age, educational background and whether he was under the influence of any drugs or alcohol, the trial court then focused on Moore's rights. Moore affirmed again to the trial court that he understood that entering a guilty plea would constitute a waiver of his constitutional rights. The record clearly contradicts Moore's claim.
¶ 16. Although the better practice would have been for the trial judge to address Moore's right against self-incrimination specifically, failure to do so is not reversible error. Dock v. State, 802 So.2d 1051, 1056 (¶ 9) (Miss.2001). What we require is that the record confirm that the guilty plea was entered both intelligently and voluntarily. Id. at 1056 (¶ 9). Based on the record before us, there is ample proof that Moore's guilty plea satisfied our standard and he was not denied his constitutional right against self-incrimination. Accordingly, we find that the trial judge did not abuse his discretion in denying Moore's motion for post-conviction relief.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF SCOTT COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SCOTT COUNTY.
KING, P.J., BRIDGES AND LEE, P.JJ., MYERS, CHANDLER, BARNES AND ISHEE, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.