BRIDGES, P.J.,
for the Court.
¶ 1. Taurus Zambrella, facing charges of burglarizing a pawn shop, pled guilty before the Pike County Circuit Court. On October 25, 1990, the circuit court sentenced Zambrella to three years in the custody of the Mississippi Department of Corrections. On June 6, 2003, four months short of thirteen years after he pled guilty, Zambrella filed a motion to set aside, vacate, or correct his sentence. The circuit court denied his motion because it was not signed. Zambrella submitted a motion to reconsider, but the circuit court denied that motion as well. Aggrieved, Zambrella appeals.
STATEMENT OF THE ISSUES
¶ 2. By way of his pro se brief, Zambrel-la advances five issues. He alleges that the circuit court denied him the right to: (1)confront his accusers and (2) have a trial by jury. Zambrella also claims that (3) the circuit court violated his right against self-incrimination when the circuit court forced him to plead guilty. Finally, Zambrella alleges that (4) he did not plead guilty voluntarily and (5) that he did not intelligently understand what would happen if he pled guilty.
ANALYSIS
¶ 3. “When reviewing a lower court’s decision to deny a petition for post-conviction relief this Court will not disturb the trial court’s factual findings unless they are found to be clearly erroneous. However, where questions of law are raised the applicable standard of review is de novo.” Laushaw v. State, 791 So.2d 854(¶ 13) (Miss.Ct.App.2001) (quoting Pace v. State, 770 So.2d 1052(¶ 4) (Miss.Gt.App. 2000)). For reasons that will become abundantly clear, this Court will not consider Zambrella’s allegations.
¶ 4. First, Zambrella’s assertions are barred by the three-year statute of limitations found in Section 99-39-5(2) of the Mississippi Code.
Mississippi Code Annotated Section 99-39-5(2) (Rev.2000) requires that requests for post-conviction relief be filed within three years after entry of judgment of conviction. The exceptions to this three year limitation are: (1) cases in which the prisoner can show that there has been an intervening decision of the Mississippi or United States Supreme Court which would adversely affect the outcome of his conviction, (2) cases in which he has new evidence, not discoverable at trial, that would have caused a different result in conviction or sentence, or (3) cases in which the prisoner claims his sentence has expired or his probation, parole or conditional release has unlawfully been revoked.
Laushaw v. State, 791 So.2d 854(¶ 9) (Miss. Ct.App.2001).
¶ 5. Zambrella was sentenced on October 25, 1990. Zambrella had until October 25, 1993, to file a motion for post-conviction relief. Zambrella’s motion, filed on June 6, 2003, was almost ten years too late. As none of the exceptions to the three year statute of limitations are applicable, Zambrella’s motion for post-conviction release is time barred.
¶ 6. Second, Zambrella does not fit the criteria that would allow him to proceed under the Post^Conviction Collateral Relief Act. Séction 99-39-5(1) of the Mississippi Code states that “any prisoner in custody under sentence of a court of record of the State of Mississippi ...” may seek post-conviction relief. Miss.Code Ann. § 99-39-5 (Rev.2000); Willis v. State, 856 So.2d 555(¶ 3) (Miss.Ct.App. *846 2003). Zambrella is not a prisoner in the custody of the State of Mississippi. The Mississippi Department of Corrections released Zambrella after Zambrella’s three-year sentence expired. Moreover, Zam-brella’s pro se pleadings reference his return address at the Greenville Correctional Institution in Greenville, Illinois. Since Zambrella did not meet the requirements of the Posl^Conviction Collateral Relief Act, the circuit court did not possess the requisite jurisdiction to rule on the motion. Accordingly, this Court lacks jurisdiction and Zambrella’s appeal is dismissed.
¶ 7. THE APPEAL OF THE JUDGMENT OF THE CIRCUIT COURT OF PIKE COUNTY IS DISMISSED. ALL COST OF THIS APPEAL ARE ASSESSED TO PIKE COUNTY.
KING, C.J., LEE, P.J., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.