ISHEE, J,
for the Court.
¶ 1. Robin L. Willis filed a pro se “Request for Designation of the Record” in the Circuit Court of Leake County seeking to “borrow the record for a period of (90) days pursuant to Rule 10(b)(1).” The circuit court entered an order denying Willis’s motion for post-conviction relief. Aggrieved, Willis appeals. Finding no error, we affirm.
*201 FACTS
¶ 2. On August 29, 2002, Willis was indicted by a Leake County grand jury for DUI manslaughter in violation of Mississippi Code Annotated section 63-11-30(4) (Rev.2004). The indictment stated in part that, on February 23, 2002, Willis “did willfully, unlawfully and feloniously operate a motor vehicle while under the influence of intoxicating liquor, having ten one-hundredths percent (.10%) or more by weight volume of alcohol in her [sic] blood, and in a negligent manner caused the death of Marion Willis and Kenny Wilson.” [1]
¶ 3. On June 10, 2005, Willis filed a “Request for Designation of the Record” in the Circuit Court of Leake County seeking to “borrow the record for a period of (90) days pursuant to Rule 10(b)(1).” In that document, Willis stated that “[t]he part of record [sic] that is needed is the Discovery, the reason is that I may be entitled to injury compensation due to second impact hit that oceured [sic] upon my accident and caused the death of my wife and brother-in-law.” Willis also stated that he did not understand how he could be charged with DUI manslaughter and requested that the court “assist [him] with this matter.”
¶4. The circuit court treated Willis’s request to borrow the record as an appeal under the Mississippi Uniform Post-Conviction Relief Act. The circuit court found that Willis sought “to have his criminal record produced for purposes of pursuing a civil action.” The court further found that designation of the record for purposes of pursuing a civil action is not a ground for post-conviction relief, pursuant to Mississippi Code Annotated section 99-39-5 (Rev.2000). Consequently, on October 12, 2005, the circuit court entered an order denying Willis’s motion for post-conviction relief. Aggrieved by the court’s decision, Willis appeals asserting that “the circuit court fail [sic] to comply to the designation of the record, Rule 10(b)(1).”
STANDARD OF REVIEW
¶ 5. When reviewing the denial of a motion for post-conviction relief, we will not disturb the trial court’s factual findings unless they are found to be clearly erroneous. Pace v. State, 770 So.2d 1052, 1053(¶ 4) (Miss.Ct.App.2000). However, where questions of law are raised, the applicable standard of review is de novo. Id.
ISSUE AND ANALYSIS
I. Whether the circuit court erred in denying Willis’s request.
¶ 6. Willis’s arguments in his pro se appellate brief are quite difficult to decipher; nonetheless, his primary argument is that the circuit court erred in refusing to grant his request pursuant to Rule 10(b)(1) of the Mississippi Rules of Appellate Procedure. In support of this position, Willis asserts that the court below denied him his right to due process, as he is entitled to the records for a review of his case on the merits. He also suggests that newly discovered evidence is now available that was not available at the time he entered his guilty plea.
¶ 7. We must first note that Willis did not raise the issue of newly discov *202 ered evidence in the court below. “Appellants are not entitled to raise new issues on appeal because to do so prevents the trial court from addressing the alleged error.” Lyle v. State, 756 So.2d 1, 3(¶ 11) (Miss.Ct.App.1999) (citing Dunn v. State, 693 So.2d 1333, 1339 (Miss.1997)). Consequently, we find that this issue is precluded from appellate review. Id.
' ¶ 8. Regarding Willis’s contention that he was denied due process when the circuit court denied his motion for post-conviction relief, we find that Willis’s request for designation of the record was not a proper motion filed pursuant to the Post-Conviction Collateral Relief Act. In the request for designation, Willis stated that his purpose for requesting the record was that he “may be entitled to injury compensation due to second impact hit that occured [sic] upon my accident and caused the death of my wife and brother-in-law.” Pursuant to Mississippi Code Annotated section 99-39-5 (Rev.2000), the desire to pursue a civil action is not a ground for relief under the Mississippi Uniform Post-Conviction Collateral Relief Act. Furthermore, Willis’s request for designation of the record also failed to comply with Mississippi Code Annotated section 99-39-9 (Rev.2000), which requires a petitioner for post-conviction relief to provide “the date of entry of the judgment of conviction and sentence” as well as “[a] concise statement of the claims or grounds upon which the motion is based.” Because Willis’s request for designation of the record failed to comply with numerous statutory requirements, we find that the circuit court appropriately denied Willis’s request. This issue is without merit.
¶ 9. THE JUDGMENT OF THE LEAKE COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEAKE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, AND ROBERTS, JJ., CONCUR.

. The record before this Court is exceedingly bare. Although Willis refers to his guilty plea in his pro se appellate brief, the record does not contain any reference to a guilty plea. Furthermore, the record does not contain any information about the sentence imposed as a result of Willis's guilty plea. Therefore, our knowledge of the facts in this case is limited to the information contained in the indictment, which is included in the record before this Court.