ISHEE, J.,
for the Court.
¶ 1. Bobby Wayne Walley and Kala Wal-ley were indicted in the Wayne County Circuit Court in a two count indictment alleging statutory rape and lustful touching of a child. Bobby and Kala both executed a petition to enter a guilty plea to a charge of sexual battery of a child. Bobby was subsequently sentenced to twenty years in the Mississippi Department of Corrections (MDOC), with fifteen years to serve, five years suspended, and three years of supervised probation. Kala was also sentenced to twenty years in the MDOC, with three years to serve, seventeen years suspended, and three years of supervised probation. After sentencing, Bobby filed a motion for re-sentencing pursuant to the Mississippi Uniform Post-Conviction Collateral Relief Act, which was dismissed. Bobby appeals the dismissal, alleging two points of error:
I. Whether Bobby’s sentence was disproportionate to the crime committed.
II. Whether the circuit court engaged in gender discrimination by imposing a greater sentence on Bobby than on his wife, Kala, for the same crime.
STANDARD OF REVIEW
¶ 2. An appellate court will not disturb a circuit court’s dismissal of a motion for post-conviction relief unless the factual findings are determined to be clearly erroneous. Lockhart v. State, 980 So.2d 336, 338 (¶ 5) (Miss.Ct.App.2008) (citing Pace v. State, 770 So.2d 1052, 1053 (¶ 4) (Miss.Ct.App.2000)). However, questions of law will be reviewed de novo. Id.
FACTS AND PROCEDURAL HISTORY
¶ 3. Bobby and Kala were indicted in the Wayne County Circuit Court for statutory rape and lustful touching of a child. Kala made an agreement with the State and entered a guilty plea petition to the charge of sexual battery of a child, the terms of which included a five-year cap on initial custodial time for any sentence given by the circuit court. Bobby also executed a petition to enter a guilty plea to the charge of sexual 'battery of a child pursuant to an agreement with the State, the terms of which included a fifteen-year cap on initial custodial time for any sentence given by the circuit court. Bobby was subsequently sentenced to twenty years in the MDOC, fifteen years to serve, five years suspended, and three years of supervised probation. Kala was also sentenced to twenty years in the MDOC, three years to serve, seventeen years suspended, and three years of supervised probation. After sentencing, Bobby filed a motion for re-sentencing pursuant to the Mississippi Uniform Post-Conviction Collateral Relief Act, which was dismissed. It is from this dismissal that Bobby seeks relief.
*389 DISCUSSION
I. Sentence Proportionality
¶ 4. Bobby first argues in his motion for post-conviction relief that the circuit court never made any findings that his role or participation in the crime differed from that of Kala’s role. Bobby argues that there is no justification in the circuit court record to explain the alleged harsh and disproportionate sentence imposed on him in comparison to Kala’s sentence. Bobby points out that the sexual battery crime that both were charged with arose out of the same single occurrence, with both acting in concert to commit the crime. Bobby contends that there is no justification for his receipt of an additional twelve years to serve in the custody of the MDOC. Bobby asks that the order dismissing the motion for post-conviction relief be reversed and rendered or, in the alternative, reversed and remanded. Bobby seeks a sentence consistent with the sentence received by his wife, Kala.
¶ 5. The State first contends that Bobby is procedurally barred from raising the issue of his disproportionate sentence for the first time in his motion for post-conviction relief. Tate v. State, 961 So.2d 763, 767(¶ 13) (Miss.Ct.App.2007). The State also argues that Bobby failed to demonstrate how the length of his sentence is disproportionate to the length of sentences in other jurisdictions for the same crime. The State urges that merely comparing his sentence to the sentence of his wife is insufficient to establish that his sentence was disproportionate. Further, the State contends that Bobby has failed to show in his motion that his fifteen-year jail sentence is grossly disproportionate to the crime of sexual battery. The State argues that the fifteen-year sentence is well within the statutory limits under Mississippi Code Annotated section 97-3-101 (Rev. 2006). The State disputes Bobby’s claim that there was no explanation for the longer sentence he was given to serve than his wife. The State points out that the circuit court explained in its ruling that it had viewed the videotape of the sexual battery of the victim, which helped it determine the appropriate sentences. The State further notes that the circuit court determined that the sentence was appropriate in light of the evidence before the court at the sentencing hearing. Further, the State argues that Bobby was informed of Kala’s five-year cap before he entered his guilty plea. The State points out that the circuit court merely enforced Bobby’s plea agreement with the State.
¶ 6. With regard to sentencing, “a trial judge acts with the broadest of discretion as long as the sentence is within the statutory guidelines.” Vaughn v. State, 964 So.2d 509, 510(¶ 8) (Miss.Ct.App.2006). Further, Mississippi courts have held that “a sentence that does not exceed the maximum term allowed by the statute, cannot be disturbed on appeal.” Edwards v. State, 800 So.2d 454, 468(¶ 45) (Miss.2001) (citing Fleming v. State, 604 So.2d 280, 302 (Miss.1992)). Generally, “a sentence that is within the statutorily defined parameters of the crime, usually is upheld and not considered cruel and unusual punishment.” Nichols v. State, 826 So.2d 1288, 1290(¶ 12) (Miss.2002) (citing Barnwell v. State, 567 So.2d 215, 222 (Miss.1990)). This Court will “review sentences in light of the factors articulated by the United States Supreme Court in Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), only when a threshold comparison of the crime committed to the sentence imposed leads to an inference of ‘gross disproportionality.’ ” Mingo v. State, 944 So.2d 18, 34(¶ 60) (Miss.2006) (citing Nichols v. State, 826 So.2d at 1290(¶ 12)). The three-part test requires a court to analyze: “(I) the gravity of the offense and *390 the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions.” Solent, 463 U.S. at 292, 103 S.Ct. 3001.
 ¶ 7. Additionally, under Mississippi Code Annotated section 99-39-21(1) (Rev.2007), “[fjailure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial and/or on direct appeal ... shall constitute a waiver thereof and shall be procedurally barred.” In the case at bar, Bobby failed to raise any issue with regard to his allegedly disproportionate sentence at the sentencing hearing. Failure to raise this issue at the sentencing hearing waived Bobby’s right “to raise the issue for the first time in his motion for post-conviction relief.” Moore v. State, 906 So.2d 793, 795(¶ 5) (Miss.Ct.App.2004) (citing Miss.Code Ann. § 99-39-21(1) (Rev. 2000)). Further, Bobby was fully aware that the terms of his plea agreement differed from the terms of his wife’s plea agreement. Bobby received the sentence for which he had bargained with the State, being fully aware that the district attorney would recommend that he receive a fifteen-year cap on the time he would be required to serve. Bobby was also aware that the district attorney would recommend that Kala receive a five-year cap on any time she would be required to serve. Despite knowledge of this disparity, Bobby entered a guilty plea. Here, we find that the fifteen-year sentence is within the statutory guidelines for sexual battery, and Bobby entered into the plea agreement voluntarily. Further, we find that Bobby has failed to establish “a threshold showing of ‘gross disproportionality.’ ” Young v. State, 731 So.2d 1120, 1125(¶ 21) (Miss.1999) (quoting Hoops v. State, 681 So.2d 521, 538 (Miss.1996)). We cannot find that the circuit court erred in dismissing his motion for post-conviction relief.
II. Gender Discrimination in Sentencing
¶ 8. Bobby also argues that his sentence, when compared to Kala’s, amounts to a prima facie case of gender discrimination. Bobby contends that the circuit court failed to explain the reason for the disparate sentences for the same crime. Bobby asserts that the only clear difference between him and his co-defendant is their gender. Therefore, Bobby contends that the circuit court engaged in gender discrimination by imposing a greater sentence on him.
119. The State contends that Bobby never argued an issue of gender discrimination at the sentencing hearing and is, therefore, procedurally barred from raising it for the first time in his motion for post-conviction relief. Further, the State contends that there is no evidence in the record to support Bobby’s allegation of gender discrimination.
¶ 10. “[I]nvidious gender discrimination violates the Equal Protection Clause of the Fourteenth Amendment.” Williams v. Currie, 103 F.Supp.2d 858, 863 (M.D.N.C.2000). “The protection of the clause is ‘applicable not only to discriminatory legislative action, but also to discriminatory governmental action in the administration and enforcement of the law.’ ” Id. The Equal Protection Clause applies to criminal sentencing as well. Id. In addition, “when a person claims invidious discrimination, the claimant must show both that the action (in this case criminal sentencing) had a discriminatory effect and that it was motivated by a discriminatory purpose.” Id. (citing United States v. Bell, 86 F.3d 820, 823 (8th Cir.1996)). The court further stated that:
*391 To establish discriminatory effect, petitioner must show that the disparity in sentences resulted because he was disfavored for being a male or that females receivefd] favorable treatment based on gender. To show discriminatory purpose, petitioner must show that the decision was based, at least partially, on gender. If petitioner shows both discriminatory effect and purpose, the burden then shifts to the State to show that the same sentencing decision would have occurred even if discriminatory purpose had not been considered.
Id. Accoi’dingly, the mere fact that Wal-lers sentence was longer than Kala’s sentence, taken on its own, does not establish gender discrimination.
¶ 11. Furthermore, courts have recognized that disparate treatment of males and females may be warranted in some sexual abuse cases. The United States Supreme Court has found that a statute which criminalized only males who committed the act of illicit sexual intercourse with a minor female did not violate the Equal Protection Clause. Michael M. v. Superior Court of Sonoma County, 450 U.S. 464, 469, 101 S.Ct. 1200, 67 L.Ed.2d 437 (1981). In that case, the Supreme Court addressed the issue of “whether a State may attack the problem of sexual intercourse and teenage pregnancy directly by prohibiting a male from having sexual intercourse with a minor female.” Id. at 472, 101 S.Ct. 1200. The Supreme Court held that the statutory rape “statute [was] sufficiently related to the State’s objectives to pass constitutional muster.” Id. at 472-73, 101 S.Ct. 1200. The Supreme Court rationalized the distinction by pointing out that “[b]ecause virtually all of the significant harmful and inescapably identifiable consequences of teenage pregnancy fall on the young female, a legislature acts well within its authority when it elects to punish only the participant who, by nature, suffers few of the consequences of his conduct.” Id. Further, “this Court has consistently upheld statutes where the gender classification is not invidious, but rather realistically reflects the fact that the sexes are not similarly situated in certain circumstances.” Id. at 469, 101 S.Ct. 1200. “The Equal Protection Clause does not ‘require things which are different in fact ... to be treated in law as though they were the same.’ ” Id. (citations omitted).
¶ 12. In Bobby’s motion for post-conviction relief he fails to expand on his allegation that his sentence was the product of both discriminatory effect and purpose. Bobby merely compares his sentence to that of Kala’s. The circuit court noted at the sentencing hearing that it had reviewed the exhibits and the videotape made by Bobby and Kala of the sexual battery of the victim, and it had considered all of the evidence in handing down their respective sentences. Additionally, both sentences were the product of plea agreements reached with the State prior to sentencing. Therefore, Bobby has failed to meet his burden of proof required to establish gender discrimination, and we affirm the circuit court’s dismissal of his motion for post-conviction relief.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF WAYNE COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WAYNE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.