ISHEE, J.,
for the Court:
¶ 1. Sepeccuss Langston filed a motion for post-conviction relief (PCR) in the Circuit Court of DeSoto County. After re *691 viewing the record, the trial court dismissed the motion. Aggrieved, Langston timely filed this appeal. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. In November 2007, a DeSoto County grand jury indicted Langston on two counts of possession of a controlled substance in a correctional facility. On February 25, 2008, Langston entered a guilty plea to one count of possession of a controlled substance in a correctional facility. During the sentencing, Langston admitted to the trial court that he had twice been convicted of felonies in the State of Tennessee, thus making him a habitual offender. The trial court sentenced Langston to serve seven years in the custody of the Mississippi Department of Corrections (MDOC) and to pay $1,000 fine plus court costs. The second possession charge was remanded to the file.
¶ 3. Langston subsequently filed a PCR motion, wherein he argued that his sentence was unconstitutional and that his trial counsel was ineffective. The trial court denied the motion, finding that Langston’s sentence was legal and that Langston had failed to prove his trial counsel was ineffective.
STANDARD OF REVIEW
¶ 4. In reviewing a trial court’s dismissal of a PCR motion, our standard of review is well stated. We will not disturb the trial court’s factual findings unless they are found to be clearly erroneous. Pace v. State, 770 So.2d 1052, 1053 (¶ 4) (Miss.Ct.App.2000). However, where questions of law are raised the applicable standard of review is de novo. Id.
DISCUSSION
¶ 5. Langston has asserted two issues for appeal: whether the trial court erred in sentencing him as a habitual offender and whether his trial counsel was ineffective. We will address each issue in turn.

I. Habitual-Offender Status

¶ 6. Langston asserts that the trial court improperly sentenced him as a habitual offender pursuant to Mississippi Code Annotated section . 99-19-81 (Rev.2007). He contends the State failed to prove that he had been convicted twice previously of a felony within the meaning of the statute.
¶ 7. During sentencing, Langston twice admitted that the State could establish the underlying felony convictions, and he admitted that exhibits were included in his indictment to support the previous convictions. We have previously held that “[a]d-missions to prior criminal convictions are sufficient to permit a finding of habitual status.” Sanders v. State, 786 So.2d 1078, 1082 (¶ 14) (Miss.Ct.App.2001).
¶8. Accordingly, this issue is without merit.

II. Ineffective Assistance of Counsel

¶ 9. In his second issue on appeal, Langston argues that his trial counsel was ineffective for failing to investigate the Tennessee convictions. Prisoners alleging ineffective assistance of counsel in a PCR motion must demonstrate the elements of the claim with specificity and detail. Sandifer v. State, 799 So.2d 914, 918 (¶ 12) (Miss.Ct.App.2001). Specifically, Langston must allege facts showing his counsel’s performance was deficient, and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
*692 ¶ 10. Langston has failed to meet his burden of proving deficiency and any resulting prejudice. As previously stated, Langston admitted to the two prior Tennessee felony convictions. Accordingly, there was sufficient evidence to meet the requirements of section 99-19-81. Additionally, there was no need for Langston’s trial counsel to investigate the Tennessee felony convictions, as Langston testified to them. This issue is without merit.
¶ 11. THE JUDGMENT OF THE DE-SOTO COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.