734 So.2d 292 (1999)
Brian Scott BERRYMAN, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1998-CP-00981 COA.
Court of Appeals of Mississippi.
February 9, 1999.
*293 Brian Scott Berryman, Appellant, pro se.
Office of the Attorney General by W. Glenn Watts, Attorney for Appellee.
BEFORE THOMAS, P.J., LEE, and SOUTHWICK, JJ.
SOUTHWICK, J., for the Court:
¶ 1. Brian S. Berryman pled guilty to capital murder, burglary, and armed robbery. He subsequently filed two motions for post-conviction relief, the second of which was dismissed as procedurally barred by the prior motion. Berryman appeals this dismissal. We affirm.

FACTS
¶ 2. On April 16, 1990, Brian Berryman pled guilty to the capital murder, burglary, and armed robbery of John Soloman, a ninety-year-old resident of Tishomingo County. Berryman was sentenced to life for the capital murder, twenty-five years for burglary, and forty-two years for armed robbery. The sentences were to run consecutively.
¶ 3. In December 1992 Berryman filed a motion to amend or reduce his sentences, contending that he did not understand the consequences of a guilty plea and specifically that he did not understand the meaning of the word "consecutive." He also alleged ineffective assistance of counsel. A 1997 "Petition for Transmission of Records" was filed that asked for the records of the trial proceedings to be acquired from Tishomingo County so that a motion for post-conviction relief could be prepared. Though Berryman discusses issues that allegedly justified relief, it is evident that this petition was solely so that documents could be acquired that would lead to the preparing of a new motion.
¶ 4. For reasons unstated in the record, no ruling on the 1992 motion was made until February 2, 1998. On that date, the circuit judge vacated the burglary conviction. He found that since burglary was the underlying felony that supported the capital murder conviction, convicting Berryman of both violated his double jeopardy rights. Neither the 1992 motion nor the 1997 petition for transfer of records had raised double jeopardy as an issue.
¶ 5. In March of 1998, Berryman filed a third motion, though only the second that specifically requested post-conviction relief. This time he argued that his double jeopardy rights had been violated by sentencing him for armed robbery and for capital murder. He also alleged ineffective assistance of counsel and violations of the constitutional rights of his co-defendants who provided statements against him. On March 19, 1998, the circuit judge dismissed Berryman's motion, finding that it repeated his double jeopardy claims that had already been ruled upon and that his other claims were barred because they had not been raised in his prior motions for post-conviction relief. It is this dismissal from which Berryman appeals.

DISCUSSION

I. Jurisdiction of the circuit judge to amend sentence
¶ 6. In what initially may appear an odd position, Berryman argues that the circuit judge was without jurisdiction in February 1998 to vacate his burglary sentence. Berryman challenges the judge's jurisdiction to render a decision at all, given the substantial period of time that elapsed following the filing of his motion in 1992 and the entry of the judge's order. Berryman makes this argument in order to avoid the successive writ bar for his March 1998 motion, a matter that we discuss below.
*294 ¶ 7. Berryman's first motion for post-conviction relief was filed in December of 1992 and was not ruled upon by the circuit judge until February 1998. One question is whether such a long passage of time caused the motion to lapse or be abandoned. Under former Uniform Circuit Court Rule 2.06, failure to pursue a motion to hearing and decision is "considered to be an abandonment of said motion or dilatory pleading." UCCR 2.06. Although Rule 2.06 was supplanted in 1995 by the Uniform Rules of Circuit and County Court, its counterpart is essentially the same. Rule 2.04 provides that "[i]t is the duty of the movant, when a motion or other pleading is filed ... to pursue said motion to hearing and decision by the court." URCCC 2.04. Current case law applies the same principle. In a recent case, the Mississippi Supreme Court held that an "`affirmative duty rests upon the party filing the motion to follow up his action by bringing it to the attention of the trial court'.... A motion that is not ruled upon is presumed abandoned." Cossitt v. Alfa Ins. Corp., (¶ 12), 726 So.2d 132 (Miss. 1998) (quoting Cossitt v. Federated Guar. Mut. Ins. Co., 541 So.2d 436, 446 (Miss. 1989)).
¶ 8. However, since a motion for post-conviction relief commences a new civil action, it is not a "motion" in the traditional sense. We have found no rule or case law providing that a motion for post-conviction relief lapses or is deemed "abandoned" due to inaction. Rather, the situation is more analogous to one in which the court dismisses an action for failure to prosecute. "[T]he power to dismiss an action for want of prosecution is part of a trial court's inherent authority." American Tel. and Tel. Co. v. Days Inn of Winona, 720 So.2d 178, 180 (Miss. 1998) (quoting Wallace v. Jones, 572 So.2d 371, 375 (Miss.1990)). "There is no set time limit on the prosecution of an action once it has been filed, and dismissal for failure to prosecute will be upheld only `where the record shows that a plaintiff has been guilty of dilatory or contumacious conduct.'" Id. (quoting Watson v. Lillard, 493 So.2d 1277, 1279 (Miss.1986)). Moreover, the plaintiff is entitled to notice prior to unilateral dismissal. Walker v. Parnell, 566 So.2d 1213, 1216 (Miss.1990). In order for a dismissal for failure to prosecute to occur, some affirmative action is required by the court. The action does not lapse of its own accord. We hold that "motions" that lapse under the above-cited circuit court rules because of inaction do not include motions that commence post-conviction relief actions.
¶ 9. Here, the circuit judge took no steps to dismiss the action. No notice was given to Berryman that his motion had lapsed. As a result, we find that the December 1992 motion was still pending and that circuit judge had jurisdiction to rule upon it.

II. Applicability of the successive writ bar
¶ 10. Section 99-39-27(9) of the Mississippi Code prohibits successive motions for post-conviction relief if an order has previously been entered. It provides that "[t]he dismissal or denial of an application under this section is a final judgment and shall be a bar to a second or successive application under this chapter." Miss.Code Ann. § 99-39-27(9) (Supp.1998).
¶ 11. Berryman's second motion, styled a "petition," was filed in November of 1997. As discussed previously, this motion only sought records. It was not barred by the statute prohibiting successive motions for two reasons. First, no final order on the earlier motion had yet been entered. Secondly, it was not seeking relief from conviction or sentence. The procedural bar was inapplicable. However, if the 1992 motion had been ruled upon, the 1997 petition seeking documents preparatory to filing another post-conviction motion could have been dismissed since there would be no right to file another motion unless it fit within one of the recognized exceptions. Miss.Code Ann. § 99-39-23(6) (Supp.1998) *295 (supervening insanity of person under sentence of death).
¶ 12. In February 1998, the circuit judge entered an order in which he ruled upon the long-pending 1992 motion. The first sentence of the order states that the matter "came before the Court on the Application for Post-conviction Relief filed by Brian Scott Berryman on December 9, 1992... and on the `Petition for Transmission of Records and for Post-conviction Relief submitted to the Court on November 4, 1997." In the second sentence, the judge stated that he was considering the 1992 motion but does not state that consideration was given to the 1997 petition that sought documents. Neither the 1992 motion nor the 1997 petition makes reference to double jeopardy. Thus in ruling on the pending matters, the circuit court sua sponte noted the double jeopardy issue.
¶ 13. Berryman's next motion of March 9, 1998 raised double jeopardy and ineffective assistance of counsel issues. If Berryman wished to have these arguments considered, he could have sought reconsideration of the February 1998 order or appealed the decision within thirty days. He chose not to do so. The order ruling on post-conviction relief "is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion" for relief. Miss.Code Ann. § 99-39-23(6) (Supp.1998).
¶ 14. Berryman's March claims were properly dismissed as procedurally barred.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF TISHOMINGO COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO TISHOMINGO COUNTY.
BRIDGES, C.J., McMILLIN and THOMAS, P.JJ., COLEMAN, DIAZ, IRVING, KING, LEE, and PAYNE, JJ., CONCUR.