794 So.2d 274 (2001)
George FRESHWATER, Appellant
v.
STATE of Mississippi, Appellee.
No. 2000-CA-00821-COA.
Court of Appeals of Mississippi.
August 21, 2001.
*275 Nick Crawford, Greenville, for Appellant.
Office of the Attorney General by Charles W. Maris Jr., for Appellee.
Before McMILLIN, C.J., BRIDGES, and MYERS, JJ.
MYERS, J., for the Court:
¶ 1. On December 4, 1998, in the Circuit Court of Washington County, George Freshwater entered a plea of guilty on one count of possession of more than one kilogram of marijuana, approximately three pounds, with intent to sell, transfer, or distribute in violation of Miss.Code Ann. § 41-29-139(b)(1) (Rev.2000). Another separate charge of possession of counterfeit currency with intent to utter same was not prosecuted pursuant to the plea agreement. Freshwater was sentenced to twenty years in the custody of the Mississippi Department of Corrections and all court costs. A motion for reconsideration was filed and the court seemingly denied this motion in a personal note to the public defender acting as Freshwater's attorney. Freshwater then filed a motion for post-conviction collateral relief and to amend sentence, motion to reconsider sentencing, and a motion for recusal. These motions were all heard and denied during a hearing at the Mississippi State Penitentiary in Parchman, Mississippi.
¶ 2. Feeling aggrieved, Freshwater appeals on the following issues:
1. Whether the lower court judge abused his discretion by not following precedent set by this Court and courts of similar jurisdiction for defendant's convicted of same or similar crimes and sentencing a first time offender to twenty years in prison.
2. Whether the lower court judge erred in denying appellant's motion for recusal and his Motion for Post-Conviction Collateral Relief.
3. Whether the cumulative effect of the errors denied the appellant a fair hearing.
We find that Mr. Freshwater's motion for post-conviction relief was properly denied.

DISCUSSION
¶ 3. Mississippi has a statute that addresses the need for revisiting a prisoner's case should an unfair situation arise where claims that could not be brought at the time of trial may be reviewed by a court at a later date. Mississippi Code Annotated § 99-39-3(2) provides:
Direct appeal shall be the principal means of reviewing all criminal convictions and sentences, and the purpose of this chapter is to provide prisoners with a procedure, limited in nature, to review those objections, defenses, claims questions, issues or errors which in practical reality could not be or should not have been raised at trial or on direct appeal.
Miss.Code Ann. § 99-39-3(2).
¶ 4. This is not a vehicle to be used whenever a prisoner is unhappy with his current situation. The only two grounds that could possibly be available to Freshwater for post-conviction relief would be either that his sentence exceeds the maximum *276 allowed by law or that his plea was made involuntarily. Miss.Code Ann. § 99-39-5(1)(d) and (f) (Rev.2000). However, based upon careful review, we find that Freshwater was neither given an excessive sentence nor was his plea involuntarily entered. We have provided a discussion of his assignments of error only to the extent that it may be necessary to further explain our opinion.

1. Whether the lower court judge abused his discretion by not following precedent set by this Court and courts of similar jurisdiction for defendant's convicted of same or similar crimes and sentencing a first time offender to twenty years in prison.
¶ 5. When reviewing the judgment of a trial court on appeal, this Court must be provided some evidence of error at the trial level in order to reverse. In the case of Branch v. State, 347 So.2d 957, 958 (Miss.1977), the supreme court stated, "[t]here is a presumption that the judgment of the trial court is correct, and the burden is on the appellant to demonstrate some reversible error to this court." Also, an appellate court will not overturn a sentence by a lower court unless it is grossly disproportionate or was a clear abuse of the judge's discretion. Wallace v. State, 607 So.2d 1184, 1188 (Miss.1992). In reviewing the sentencing dispensed by a trial judge, we follow the lead of the supreme court. "Sentencing is within the complete discretion of the trial court and not subject to appellate review if it is within the limits prescribed by statute." Hoops v. State, 681 So.2d 521, 537 (Miss.1996), citing Reynolds v. State, 585 So.2d 753, 756 (Miss.1991); see also Fleming v. State, 604 So.2d 280, 302 (1992). In addition, a judge is allowed to consider elements outside the official record when sentencing a defendant and is restrained by statutory and constitutional limitations.
Our law has long provided that the imposition of sentence following a criminal conviction is a matter within the discretion of the circuit court, subject only to statutory and constitutional limitations. So long as these are not offended, we rarely interfere. Moreover, the court is not limited to the consideration of evidence presented of record at trial when imposing sentence.
Jackson v. State, 551 So.2d 132, 149 (Miss. 1989).
¶ 6. Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), constructed a three prong test to weigh the proportionality of a crime with the sentence. The court should consider the (1) gravity of the offense, (2) sentences imposed on others in the same jurisdiction, and (3) sentencing imposed for the same crimes in other jurisdictions. Id. at 292, 103 S.Ct. 3001. However, when comparing the severity of the crime with the penalty, the Mississippi Supreme Court held in Hoops v. State, 681 So.2d 521, 538 (Miss. 1996), that the ruling in Harmelin v. Michigan, 501 U.S. 957, 965-66, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991), overrules Solem to some degree. It does so "to the extent that it found a guarantee of proportionality in the Eighth Amendment." Hoops, 681 So.2d at 538, citing Smallwood v. Johnson, 73 F.3d 1343, 1346 n. 4 (5th Cir.1996). "In light of Harmelin, it appears that Solem is to apply only when a threshold comparison of the crime committed to the sentence imposed leads to an inference of `gross disproportionality.'" Hoops, 681 So.2d at 538, citing Smallwood, 73 F.3d at 1347.
¶ 7. State sanctioned penalties of up to thirty years in prison and fines of up to one million dollars for possession of controlled substances are assigned in Miss. *277 Code Ann. § 41-29-139(b)(1) (Supp.2000).[1] Per the clear language of the statute, a judge has as many as thirty years per count with which he may sentence a convicted criminal to serve. The only limitations placed on sentencing has to do with the amount of controlled substance in possession and whether the person convicted is a first time offender. Id.
¶ 8. Turning to Freshwater's concerns over his sentence of twenty years in prison, as well as court costs, we look to the recent case of Wilkerson v. State, 731 So.2d 1173 (Miss.1999). In Wilkerson, the Mississippi Supreme Court held that the sentence given was within the statutory guidelines and not grossly disproportionate.
This Court in Hoops employed the threshold comparison. In that case, the eighteen-year-old defendant was sentenced to thirty years imprisonment with a possibility of parole for shooting two rival street gang members. The trial judge was statutorily empowered to sentence Hoops to twenty years imprisonment for each count but failed to do that. This Court found that the facts did not lead to the conclusion that the defendant received a sentence grossly disproportionate to his crime. There is likewise no need for an extended proportionality review under Solem in this appeal. Wilkerson was found guilty of causing death to another while driving under the influence of intoxicating beverages. The statute offers a maximum penalty of twenty-five (25) years, imprisonment for this crime. The trial court sentenced Wilkerson to twenty (20) of the twenty-five (25) years which he was statutorily empowered to give. In light of the facts before this Court, there was no cruel, unusual, or disproportionate punishment administered to Wilkerson.
Wilkerson, 731 So.2d at 1183
¶ 9. In the case sub judice, the trial court considered the other information provided by the police as well as information from the defendant when imposing his sentence. Freshwater tried to use the fact that he has six children by three different women in two different states, none of which he has ever married, as a mitigating factor in his sentencing. The judge considered that to be further evidence of Freshwater's irresponsibility. Freshwater was also in possession of a firearm and counterfeit money when he was arrested. According to Freshwater's police record, he is not a first-time visitor to a criminal court of law. He has several misdemeanor convictions as well as this felony conviction. He is not what common sense would term a "first time offender." Because of these factors, the judge imposed a sentence allowable under the statute. Freshwater was sentenced to ten years less than the statute allows and was fined nothing. He must merely pay the court costs. There is nothing grossly disproportionate about his sentence. This issue is without merit.

*278 2. Whether the lower court judge erred in denying appellant's motion for recusal and his motion for post-conviction collateral relief.
¶ 10. A judge must disqualify himself from presiding over a case if, "a reasonable person, knowing all the circumstances, would harbor doubts about his impartiality." Rutland v. Pridgen, 493 So.2d 952, 954 (Miss.1986). A judge is presumed to be impartial and unbiased in each case before him. In order to overcome this presumption, an appellant must bring forth some "reasonable doubt" about the validity of the presumption. Turner v. State, 573 So.2d 657, 678 (Miss.1990). An appellant must overcome the presumption of a judge's impartiality and unbiasedness by using the these following elements which we have gleaned from prior cases. The elements are (1) whether a reasonable person, knowing all the circumstances, would harbor doubts about the judge's impartiality; and (2) whether the appellant can overcome the presumption by presenting some reasonable doubt about the validity of the presumption. See Rutland, 493 So.2d at 954; Turner, 573 So.2d at 678.
¶ 11. Freshwater has failed to produce any evidence lending credence to his assertion that the judge was prejudiced against him merely because he was the same judge that had dealt with his case from the beginning. Freshwater is under the impression that the judge was biased because he first sentenced him within statutory guidelines, and second, denied his motions for recusal and post-conviction collateral relief. A trial judge will not be found to be biased just because a defendant does not agree with a judge's ruling. Very few defendants in civil and criminal cases agree with a judge if his disposition of their case contradicts their own opinion of the proper outcome. We shall not find this judge to be in error for following statutory guidelines and using his judicial discretion. This issue is also without merit.

3. Whether the cumulative effect of the errors denied the appellant a fair hearing.
¶ 12. In light of the fact that we have found issues 1 and 2 to be without merit, issue 3 is moot and not further reviewed by this Court.

CONCLUSION
¶ 13. George Freshwater is not entitled to post-conviction collateral relief because he does not meet the requirements set forth in the statute. Most particularly, he is barred because he pled guilty to the charge in open court. In addition, Freshwater's other assignments of error, standing on their own, are held to be without merit.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF WASHINGTON COUNTY DENYING POST-CONVICTION RELIEF IS HEREBY AFFIRMED. ALL COSTS OF APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING and CHANDLER, JJ., concur.
NOTES
[1] Miss.Code Ann. § 41-29-139(b)(1) (Supp. 2000) states: "Except as otherwise provided in subsections (f) and (g) of this section or in § 41-29-142, any person who violates subsection (a) of this subsection shall be sentenced as follows:

(1) In the case of controlled substances classified in Schedule I or II, as set out in §§ 41-29-113 and 41-29-115, except one (1) ounce or less of marihuana, and except a first offender as defined in § 41-29-149(e) who violates subsection (a) of this section with respect to less than one kilogram but more than one (1) ounce of marihuana, such person may, upon conviction, be imprisoned for not more than thirty (30) years and shall be fined not less than Five Thousand Dollars ($5,000) nor more than one Million Dollars ($1,000,000), or both..."