864 So.2d 298 (2003)
Tommie Lee SKINNER, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-CP-00847-COA.
Court of Appeals of Mississippi.
October 21, 2003.
*299 Tommie Lee Skinner, Appellant, pro se.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before MCMILLIN, C.J., BRIDGES, THOMAS, and LEE, JJ.
LEE, J., for the court.

PROCEDURAL HISTORY AND FACTS
¶ 1. On October 12, 1993, in the Chickasaw County Circuit Court, Tommie Lee Skinner pled guilty to one count of armed robbery and one count of second degree arson. Skinner was sentenced to serve twenty years for armed robbery and ten years for arson, to run consecutively and to be served in the custody of the Mississippi Department of Corrections. At some time in 1995 Skinner filed his first motion for post-conviction relief. An evidentiary hearing was apparently granted, although there are only a few pages of the transcript in the record. Skinner's motion was denied and he appealed to the supreme court, which affirmed the lower court's ruling on December 28, 1995.
¶ 2. In April 2002, Skinner filed his second motion for post-conviction relief. The lower court denied Skinner's motion stating that the issues had previously been decided and the issues raised were time barred. Skinner now appeals to this Court asserting the lower court erred in accepting his guilty plea to the arson charge.

DISCUSSION OF ISSUE
¶ 3. In reviewing a trial court's denial of post-conviction relief, our standard of review is well stated. We will not disturb the trial court's factual findings unless they are found to be clearly erroneous. However, where questions of law are raised the applicable standard of review is de novo. Pace v. State, 770 So.2d 1052(¶ 4) (Miss.Ct.App.2000).
¶ 4. In his brief Skinner mentions various issues which he fails to argue or discuss in any way other than making vague assertions. It appears that in October, Skinner will have served the mandatory ten years for the armed robbery charge and he will then have the ten years for the arson charge. Skinner's main argument is that the lower court erred in accepting his guilty plea because there was an order dismissing the arson charge in justice court. However, this order from justice court was issued on October 14, 1993, two days after Skinner entered a guilty plea. The order dismissed the arson charge because Skinner had already pled guilty in circuit court. We cannot find any merit to this argument.
¶ 5. Although Skinner's arguments are without merit, his present motion is also untimely and successive. According to Mississippi Code Annotated Section 99-39-5(2), "a motion for relief under this chapter shall be made ... in case of a guilty plea, within three (3) years after entry of the judgment of conviction." The judgment of conviction was October 12, 1993, and Skinner's second motion was filed in April 2002. Furthermore, under Mississippi Code Annotated Section 99-39-23(6), all successive petitions are barred if a petitioner has filed a previous post-conviction relief motion. Skinner *300 filed his first motion in 1995 and his second in 2002. Therefore, Skinner's motion for post-conviction relief is time barred and successive-writ barred.
¶ 6. THE JUDGMENT OF THE CHICKASAW COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO CHICKASAW COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.