IRVING, J.,
for the Court.
¶ 1. John Reuben Hodnett filed an action against Terry Anderson, individually, Anderson Engineers, P.A (collectively “Anderson”), and several other defendants claiming negligence and fraud in connection with the inspection of his home for termites and structural damage. In response, Anderson filed a motion for summary judgment which was granted by the trial judge. Thereafter, Hodnett filed a motion to reconsider the summary judgment order, but the trial judge denied the motion. Aggrieved, Hodnett presents the following issues on appeal: whether the trial judge erred in denying his motion to reconsider, properly disposed of his negligence claim through the use of summary judgment, and properly disposed of his fraud claim through the use of summary judgment. We find that Hodnett failed to file his notice of appeal in a timely manner; therefore, we are obligated to dismiss his appeal pursuant to Rule 4(a) of the Mississippi Rules of Appellate Procedure.
FACTS
¶ 2. In July 1997, Hodnett employed Anderson to perform a structural inspection of his home. Thereafter, on March 22, 1999, Hodnett filed a complaint in the Lamar County Circuit Court against Anderson, alleging negligence and fraud arising from the inspection. Hodnett claimed that Anderson negligently and fraudulently failed to disclose in its inspection report the existence of a termite infestation in the home.
¶ 3. On April 30, 2003, Anderson filed a motion for summary judgment, and the trial court scheduled a hearing on the motion for May 12. Hodnett’s attorney, however, failed to respond or appear at the hearing. The trial judge granted Anderson’s summary judgment motion and entered an order on June 6, 2003, denying Hodnett’s subsequent motion to reconsider the grant of summary judgment in Anderson’s favor. On July 8, 2003, Hod-nett filed a notice of appeal.
*996 ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 4. In its brief and in a separate motion, Anderson raises the issue of whether this Court possesses the requisite jurisdiction to entertain Hodnett’s appeal.[1] ■ We deter-miné that Hodnett’s appeal was not timely; therefore, we are denied the requisite jurisdiction to address the issues raise in his appeal.
¶ 5. .Hodnett, apparently relying on his response to Anderson’s motion to dismiss the appeal as untimely, makes no response in his brief to the timeliness issue. However, since he made a timely response to Anderson’s motion to dismiss, we address the assertions made in his response to that motion which is presently outstanding.
¶ 6. In his response to the motion to dismiss, Hodnett claims that he actually filed his notice of appeal with the Circuit Clerk of Lamar County on July 7, 2003, and faxed a copy to the Mississippi Supreme Court Clerk’s Office on the same date. He contends that the filing with the Lamar County Circuit Clerk' occurred late in the afternoon on July 7, despite the fact that the file stamped date is July 8. He further submits that the clerk of the Supreme Court initially file stamped his notice on July 7 but later changed the filed date to July 8. Finally, Hodnett cites Rule 4(a) of the Mississippi Rules of Appellate Procedure for the proposition that his appeal was filed timely. This rule provides is pertinent part that “[i]f a notice of appeal is mistakenly filed in the Supreme Court, the clerk of the Supreme Court shall note on it the date on which it was received and transmit it to the clerk of the trial court and it shall be deemed filed in the trial court on the date so noted.” M.R.A.P 4(a).
¶ 7. Our' examination of the file reveals that the faxed copy was received at the office of the clerk of the Supreme Court on July 8, not on July 7 as contended by Hodnett. It is obvious that the July 8 date was inscribed at the top of the page of the faxed copy by the receiving facsimile machine. The transmittal letter containing the original of the notice of appeal was not received by the clerk of the Supreme Court until July 9. The letter bears a notation that a faxed copy was received on July 8. This notation is consistent with the date inscription which is reflected at the top of the page of the faxed copy of the notice of appeal. For some unexplained reason, the original notice of appeal, which was attached to the transmittal letter that was received on July 9, bears a file stamp date of July 7. However, the July 7 date is crossed out and the date of July 8, has been interlined in by hand and initialed by a deputy clerk.
¶ 8. We note that Hodnett has not submitted an affidavit from either the Circuit Clerk of Lamar County or the deputy clerk of the Supreme Court who processed his notice of appeal, in support of his contention that the notice of appeal was actually filed in the Lamar County Circuit Clerk’s office on July 7 and faxed to the clerk of the Mississippi Supreme Court on July 7. In the absence of affidavits supporting Hodnett’s contention, we have no choice but to accept the clear documented evidence discussed in the previous paragraph and find that Hodnett’s notice of appeal was filed on July 8 and not on July 7 as he contends.
¶ 9. Rule 4(a) of the Mississippi Rules of Appellate Procedure requires a notice of appeal to be filed with the clerk of the trial court within thirty days after the date of entry of the judgment or order being appealed. Similarly, M.R.A.P. 2(a) provides *997 for the dismissal of an appeal if the notice is not timely filed. Our supreme court has made clear that “Rule 2(a) reflects the long-standing [principle] in this state that the failure to file a timely appeal leaves [the appellate court] without jurisdiction to consider the case.” Bank of Edwards v. Cassity Auto Sales, Inc., 599 So.2d 579, 582 (Miss.1992) (citing In re Estate of Ware, 573 So.2d 773, 774 (Miss.1990)). The rule is strictly enforced. Id. (citing In re Estate of Ware, at 775).
¶ 10. The record reveals that the trial judge entered an order on May 12 granting Anderson’s motion for summary judgment and on June 6 entered an order denying Hodnett’s motion for reconsideration. Therefore, Hodnett had thirty days from June 6, the date of the denial of his motion for reconsideration, to file a timely notice of appeal. Hodnett, however, waited until July 8 to file the notice, making the notice one day late.[2] As a result, Hodnett’s appeal is barred by Rule 4(a), and must be dismissed for lack of jurisdiction. As a result, no further discussion is warranted on Hodnett’s remaining issues.
¶ 11. THIS APPEAL IS DISMISSED FOR LACK OF JURISDICTION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND LEE, P.JJ., MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.

. The record and pleadings are silent as to Hodnett’s position on this issue.

. July 6, 2003, was a Sunday. However, July 7, 2003 was a regular business day.