919 So.2d 1072 (2005)
Brian RUNNELS, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-CP-01088-COA.
Court of Appeals of Mississippi.
July 19, 2005.
*1073 Brian Runnels, Appellant, pro se.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before LEE, P.J., IRVING and CHANDLER, JJ.
LEE, P.J., for the Court.
¶ 1. The appeal in this case is the result of a series of circuitous filings, petitions and motions filed by Brian Runnels. Finding that Runnels's arguments lack merit, we affirm the judgment of the trial court.

STATEMENT OF FACTS
¶ 2. In 1995, Runnels, along with four co-defendants, was indicted for the October 29, 1994, armed robbery and murder of Timothy Tillman. On April 21, 1995, Runnels pled guilty to manslaughter and armed robbery and received a sentence of twenty years and sixteen years, respectively, to be served consecutively.
¶ 3. On November 1, 1995, Runnels filed his first motion for post-conviction relief. This motion was denied on December 22, and, on January 17, 1996, Runnels filed a notice of appeal. On April 7, 1997, Runnels filed affidavits of arrest for four persons. On October 24, 1997, the Mississippi Supreme Court affirmed the trial court's December 22 ruling without published opinion. On February 28, 1998, Runnels filed his second motion for post-conviction relief; however, he did not bring his motion for a hearing or pursue it further. On June 6, 2000, Runnels filed his third motion for post-conviction relief, which was denied. Runnels then filed a motion for reconsideration on July 17, 2000. On May 16, 2001, Runnels filed his first petition to show cause, which was denied. Runnels then filed a notice of appeal. On February 17, 2004, Runnels filed a second petition for an order to show cause, which was also denied.
¶ 4. It is from the denial of this second petition to show cause which Runnels now appeals, arguing two issues: (1) whether the trial court erred in not "accepting" Runnels's motions and (2) whether the trial court clerk violated Runnels's right to access the courts by her alleged failure to send Runnels notice of a judgment or order regarding his motion for post-conviction *1074 relief, thereby prohibiting him from appealing.
¶ 5. We find that Runnels's contentions lack merit, and we affirm the decision of the trial court.

DISCUSSION
¶ 6. Runnels's primary argument is that he never received notice of the disposition of his second motion for post-conviction relief. Runnels now argues that because he did not receive notice of the denial of his second motion for post-conviction relief, he was denied the opportunity to appeal. We disagree.
¶ 7. First, we note that under the Mississippi Uniform Post-Conviction Collateral Relief Act, an order denying post-conviction relief acts as a bar to a successive motion seeking post-conviction relief. Miss.Code Ann. § 99-39-23(6) (Rev.2000). Thus, when the trial court dismissed Runnels's first motion for post-conviction relief, that dismissal barred further pursuit of post-conviction relief in the trial court. Accordingly, Runnels was barred from filing his second motion for post-conviction relief unless he fit into two narrow exceptions. One exception is if either the Mississippi or United States Supreme Courts has since the prisoner's conviction construed the law in a manner to alter the law that underlay the petitioner's conviction or sentence. Miss.Code Ann. § 99-39-23(6) (Rev.2000). The second exception is if the prisoner has evidence which was not reasonably discoverable at trial, that "is of such a nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence." Miss.Code Ann. § 99-39-23(6) (Rev.2000). Unless the motion conformed to one of these exceptions, the second motion for post-conviction relief was never properly before the trial court. The record does not contain a copy of Runnels's motion for relief, thus we must assume that his petition did not meet the statutory exceptions.
¶ 8. Runnels argues that he was prevented from appealing the denial of his second motion for post-conviction relief. Notably, the record does not contain evidence that the trial court ever denied the petition. In filing his second motion for post-conviction relief, Runnels began a civil action separate and apart from his first motion for post-conviction relief. Berryman v. State, 734 So.2d 292, 294(¶ 8) (Miss. Ct.App.1999). Furthermore, Runnels carries the burden of pursuing his requested relief. "It is the duty of the movant, when a motion or other pleading is filed ... to pursue said motion to hearing and decision by the court." URCCC 2.04. The record before this Court does not indicate that the trial court ever ruled on Runnels's motion or dismissed it for his failure to prosecute. Additionally, it is not possible that the motion for post-conviction relief was dismissed automatically due to Runnels's failure, because some affirmative action is required by the court to dismiss a case due to a petitioner's failure to prosecute. Berryman, 734 So.2d at 294(¶ 8). No action was taken by the trial court, thus there is no ruling from which Runnels may appeal to this Court. "Therefore, we conclude our review of this issue by simply resolving it adversely to him." Millender v. State, 734 So.2d 225, 233(¶ 33) (Miss.Ct. App.1999).
¶ 9. Finally, Runnels's allegation that the circuit court clerk impeded his right to appeal the disposition of his second motion for post-conviction relief is not substantiated by the record before this Court. As discussed above, Runnels's motion is still pending and is awaiting dismissal by the trial court as a successive writ. Runnels also accuses the circuit court clerk of failing to maintain a proper record of his *1075 filings; however, this claim is soundly refuted by the record before us. As evidenced by the detailed docket submitted with the record, the clerk has kept a meticulously detailed record of the plethora of letters, motions, petitions and other filings Runnels has submitted.
¶ 10. We find that Runnels's contentions are not properly before this Court, and we further find that the trial court did not err in dismissing Runnels's petition.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF CLAIBORNE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO CLAIBORNE COUNTY.
KING, C.J., BRIDGES, P.J., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.