914 So.2d 328 (2005)
George FRESHWATER, Appellant
v.
STATE of Mississippi, Appellee.
No. 2002-CA-01138-COA.
Court of Appeals of Mississippi.
November 1, 2005.
*329 George T. Kelly, Greenville, attorney for appellant.
Office of the Attorney General by Deirdre McCrory, attorney for appellee.
Before KING, C.J., CHANDLER and ISHEE, JJ.
KING, C.J., for the Court.
¶ 1. On December 4, 1998, George Freshwater entered a guilty plea in the Circuit Court of Washington County to a charge of possession of more than one kilogram of marijuana with intent to sell, transfer, or distribute. He received a twenty year sentence for his crime. Freshwater then filed a motion for post-conviction relief, which was denied by the circuit court. Aggrieved, Freshwater appealed the circuit court's denial, and a decision was rendered in that appeal by this Court on August 21, 2001. Freshwater v. State, 794 So.2d 274 (Miss.App.2001). This Court held that Freshwater's sentence by the circuit court judge was within the statutory and constitutional limitations for the crime committed, and that the judge was not in error for following the statutory guidelines. Id. at (¶¶ 9-11). Freshwater then filed a second post-conviction relief motion before the Washington County Circuit Court. Finding that Freshwater's second post-conviction relief motion is barred as a successive petition and by the statute of limitations, we affirm the decision of the circuit court.

DISCUSSION
¶ 2. An order dismissing a prisoner's motion, or otherwise denying relief under the post-conviction relief statute is a final judgment, and shall be conclusive until reversed. Miss.Code Ann. § 99-39-23(6) (Supp.2004). The judgment shall be a bar to a second or successive motion under this chapter. Id. Aside from insanity, (which only applies in death penalty cases), there are only two exceptions allowed for a prisoner to defeat the successive writ bar: (1) where there has been an intervening decision by the United States Supreme Court, or the Mississippi Supreme Court, in which the prisoner can show adversely affected the outcome of his conviction or sentence, or that he has newly discovered evidence which if it had been introduced at trial would have caused a different result, and (2) where the prisoner claims that his sentence has expired or his probation, parole, or conditional release has been unlawfully revoked. Id.
¶ 3. Freshwater claims that his plea was an uninformed one because the sentencing guidelines did not specifically refer *330 to his crime. As a result, Freshwater believes that he should be able to withdraw his guilty plea. Since this argument is not within either of the successive-writ exceptions, Freshwater's claims are barred. Freshwater should have brought all of his known claims in his first motion for post-conviction relief. Failure to do so results in a loss of claims as a second or successive motion. Rochell v. State, 913 So.2d 994, 995 (¶ 6)(Miss.Ct.App.2005).
¶ 4. Additionally, Freshwater's claims are time barred. In the case of a guilty plea, a motion for relief shall be made within three years after entry of the judgment of conviction. Miss.Code Ann. § 99-39-5(2) (Supp.2004). The same exceptions that apply to the successive-writ bar apply here as well. Id. Freshwater's guilty plea was entered on December 4, 1998. His first petition before the Washington County Circuit Court was filed on July 7, 1999. His second petition was filed on April 10, 2002. While Freshwater's first petition was timely filed, his second petition was not. Because Freshwater's arguments do not fall within the exceptions for a procedural time bar, Freshwater's claims are barred here as well.

CONCLUSION
¶ 5. None of the applicable exceptions under Mississippi Code Annotated §§ 99-39-23(6) and 99-39-5(2) apply to Freshwater's claims. As a result, these claims are barred as a successive writ, as well as being time barred. Therefore, Freshwater's second motion for post-conviction relief by the Washington County Circuit Court was properly denied.
¶ 6. THE JUDGMENT OF THE CIRCUIT COURT OF WASHINGTON COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THE APPEAL ARE ASSESSED TO THE APPELLANT.
LEE AND MYERS, P.JJ., BRIDGES, IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.