LEE, P.J.,
for the Court.
PROCEDURAL HISTORY AND FACTS
¶ 1. On June 3, 2005, Tommie Skinner filed a motion for records and transcripts regarding cause number 93-OK-023 in the Chickasaw County Circuit Court. The trial court shortly thereafter denied Skinner’s request, stating that Skinner “has a history of having filed numerous baseless and frivolous petitions with this Court, including petitions requesting relief previously denied by this Court.” Skinner appeals to this Court asserting that he needs the records to prove that his guilty plea was involuntary. Skinner also argues that Mississippi Public Records Act allows him copies of his record at no charge to himself.
¶ 2. On October 12, 1993, Skinner pled guilty to one count of armed robbery and one count of second degree arson. The supreme court upheld his conviction in an opinion in the same cause number, 93-OK-023, in December 1995. See Skinner v. State, 665 So.2d 893 (Miss.1995). Some time later, this Court affirmed the denial of Skinner’s motion for post-conviction relief, finding the motion to be time-barred as well as successive-writ barred. See Skinner v. State, 864 So.2d 298 (Miss.Ct.App.2003).
¶ 3. Skinner cites to the Public Records Act for the proposition that he should be allowed a free copy of his trial transcript. Miss.Code Ann. § 25-61-1 to -17 (Rev. 2003). However, from the record it does not appear that Skinner followed the proper procedures to request a public record. We are also unpersuaded by this argument.
¶ 4. Furthermore, in Fleming v. State, 553 So.2d 505, 506 (Miss.1989), the supreme court found as follows:
[N]othing in the Uniform PosWConviction Collateral Relief Act or elsewhere *336 gives a prisoner the right to institute an independent, original action for a free transcript or other documents, and then if dissatisfied with the trial court’s ruling, to directly appeal that ruling to this court as a separate and independent action. Fleming did not file his request for free transcript and other documents as part of a motion under the Act for post-conviction collateral relief, nor is this claim raised as part of a direct appeal from conviction.
There is no merit to Skinner’s appeal, thus we affirm.
¶ 5. THE JUDGMENT OF THE CHICKASAW COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CHICKASAW COUNTY.
KING, C.J., MYERS, P.J., SOUTHWICK, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.