957 So.2d 424 (2007)
Brian RUNNELS, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-CP-01097-COA.
Court of Appeals of Mississippi.
May 15, 2007.
*425 Brian Runnels, Appellant, pro se.
Office of the Attorney General by Deirdre McCrory, attorney for appellee.
Before LEE, P.J., BARNES and CARLTON, JJ.
LEE, P.J., for the Court.

PROCEDURAL HISTORY
¶ 1. In April 1995, Brian Runnels pled guilty in the Claiborne County Circuit Court to one count of manslaughter and one count of armed robbery. Runnels was sentenced to serve twenty years on the manslaughter charge and sixteen years on the armed robbery charge, with both sentences to run consecutively in the custody of the Mississippi Department of Corrections. Over the next ten years Runnels filed numerous petitions and motions, some of which he appealed to the United States Supreme Court, the Mississippi Supreme Court and this Court. See Runnels v. Mississippi, ___ U.S. ___, 126 S.Ct. 1359, 164 L.Ed.2d 70 (2006); Runnels v. State, 96-CA-00450-SCT, 703 So.2d 861, 1997 WL 722832 (Miss. Oct. 23, 1997); Runnels v. State, 919 So.2d 1072 (Miss.Ct. App.2005).
¶ 2. Runnels's appeal sub judice concerns the denial of his first motion for post-conviction relief which he filed on November 1, 1995. In that particular motion Runnels alleged that his indictment was defective. After a hearing on the matter, the trial court denied Runnels's motion on December 21, 1995, finding that he waived this particular objection to the indictment by pleading guilty. The judgment was affirmed by the supreme court in Runnels v. State, 96-CA-00450-SCT, 703 So.2d 861. In April 2006, Runnels filed a motion for relief from judgment in the December 21, 1995 order arguing that he did not authorize his attorney to file that particular motion for post-conviction relief. The trial court denied Runnels's motion on May 17, 2006. Runnels now appeals to this Court alleging that the November 1, 1995 motion for relief was not authorized by him and he should be able to submit his own motion for post-conviction relief.

STANDARD OF REVIEW
¶ 3. A trial court's denial of post-conviction relief will not be reversed absent a finding that the trial court's decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct.App.2002). However, when issues of law are raised, the proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999).

*426 DISCUSSION
¶ 4. In his only issue on appeal, Runnels argues that he did not authorize his attorney to file the November 1, 1995 motion for post-conviction relief. Ultimately, Runnels wants this Court to find the November 1, 1995 motion invalid so that his second motion for post-conviction relief would not have been dismissed as a successive writ. Runnels's April 2006 motion requested relief pursuant to Mississippi Rule of Civil Procedure 60(b). Rule 60(b) provides an opportunity for relief from a judgment or order but only in "exceptional circumstances." Cook v. State, 921 So.2d 1282, 1283(¶ 6) (Miss.Ct. App.2006). Runnels has expounded no exceptional circumstances; thus, we can find no error by the trial court in denying his motion for relief from the December 21, 1995 judgment.
¶ 5. This Court is also unpersuaded by Runnels's assertion that he "only" wants to be allowed the opportunity to "advance his claims via post-conviction motion" as he has been advancing numerous claims over the past ten years. Runnels filed a third motion for post-conviction relief on June 6, 2000, which was denied, and a motion for reconsideration shortly thereafter, which was also denied.
¶ 6. THE JUDGMENT OF THE CLAIBORNE COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CLAIBORNE COUNTY.
KING, C.J., MYERS, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.