CARLTON, J.,
 

 for the Court:
 

 ¶ 1. Brian Runnels and four co-defendants were indicted for the October 29, 1994, armed robbery and murder of Timothy Tillman. Runnels pled guilty to manslaughter and armed robbery on April 21, 1995, and received sentences of twenty years for the manslaughter and sixteen years for the armed robbery. The court ordered the sentences to run consecutively. Runnels thereafter filed multiple motions for post-conviction relief including the motion for post-conviction relief at issue. However, the statutorily-mandated time for filing a motion for post-conviction relief had already expired in this case. Miss.Code Ann. § 99-39-5(2) (Supp.2009). Moreover, in addition to the time bar, since Runnels filed multiple motions for post-conviction relief, his motion is also barred as a successive writ. Miss.Code Ann. § 99-39-23(6) (Supp.2009).
 

 ¶ 2. A review of the history of this case reflects that on November 1, 1995, Runnels filed his first motion for post-conviction relief. The motion was denied, and Runnels filed a notice of appeal. The Mississippi Supreme Court affirmed the circuit court’s ruling without published opinion.
 
 Runnels v. State,
 
 703 So.2d 861 (Miss.1997).
 

 ¶ 3. Then, on February 28, 1998, Runnels filed a second motion for post-conviction relief, but he failed to bring the motion for a hearing or pursue the motion further. On June 6, 2000, Runnels filed yet a third motion for post-conviction relief. On July 17, 2000, Runnels filed a motion for reconsideration after the circuit court denied this third motion. On May 16, 2001, Runnels filed a petition to show cause, which the circuit court denied. Runnels then filed a notice of appeal. Runnels filed a second petition to show cause, which the circuit court again denied.
 

 ¶ 4. This Court affirmed the judgment of the circuit court in
 
 Runnels v. State,
 
 919 So.2d 1072, 1075 (¶ 11) (Miss.Ct.App.2005). Runnels thereafter filed a motion for relief from judgment in the Circuit Court of Claiborne County. The court summarily denied the motion on May 17, 2006. Then on appeal, this Court again upheld the judgment of the circuit court.
 
 Runnels v. State,
 
 957 So.2d 424, 426 (¶6) (Miss.Ct.App.2007).
 

 
 *686
 
 ¶ 5. On September 8, 2008, Runnels filed a motion for writ of habeas corpus in the circuit court in which he alleged that he was being held under an illegal sentence. The circuit court dismissed the motion, which it treated as a motion for post-conviction relief, and Runnels filed this instant appeal.
 

 DISCUSSION
 

 ¶ 6. Mississippi Code Annotated section 99-39-5(2) provides that, in case of a guilty plea, petitioners must raise a motion for post-conviction relief within three years after entry of the judgment of conviction. Mississippi Code Annotated section 99-39-23(6) also provides that all successive petitions are barred if a petitioner has filed a previous motion for post-conviction relief.
 
 See Freshwater v. State,
 
 914 So.2d 328, 329 (¶ 2) (Miss.Ct.App.2005);
 
 Skinner v. State,
 
 864 So.2d 298, 299-300 (¶ 5) (Miss.Ct.App.2003).
 

 ¶ 7. Both section 99-39-23(6) and section 99-39-5(2) provide exceptions to the procedural bars in the following circumstances: (1) an intervening decision of the United States Supreme Court or the Mississippi Supreme Court which would have actually had an adverse impact on the conviction or sentence; (2) the petitioner has evidence, not reasonably discoverable at the time of trial, which is such a nature that, had it been admitted at trial, would have caused a different result in the conviction or sentence; and (3) when the petitioner alleges that his sentence has expired or his probation, parole, or conditional release has been unlawfully revoked. This Court has recognized an additional exception allowing relief from the statutory bars applicable to motions for post-conviction relief for situations where the prisoner’s conviction or sentence constitutes a violation of a fundamental constitutional right.
 
 Flowers v. State,
 
 978 So.2d 1281, 1284 (¶ 10) (Miss.Ct.App.2008). The sentence imposed on Runnels was lawful and violated no fundamental constitutional right.
 

 ¶8. However, in his latest petition for post-conviction relief, Runnels argues that his sentences for armed robbery and manslaughter have expired, because, according to Runnels, he was only required to serve fifty percent of his sentence.
 
 [1]
 
 Mississippi Code Annotated section 97-3-25 (Rev. 2006) provides a maximum sentence of twenty years for a manslaughter conviction. Further, Mississippi Code Annotated section 97-3-79 (Rev.2006) sets a minimum sentence of three years for armed robbery and a maximum sentence of life imprisonment.
 
 [2]
 
 Runnels was lawfully sentenced to serve twenty years for manslaughter and sixteen years for armed robbery, with the sentences to run consecutively. Neither of Runnels’s sentences exceeded the maximum sentences allowed by statute and fail to constitute illegal sentences. Because Runnels was sentenced on April 25, 1995, his sentences have not yet expired. Runnels’s sentences do not fall within any exception to the procedural bars for post-conviction-relief petitions.
 

 ¶ 9. Based upon the foregoing, this Court finds that the circuit court properly dismissed the Runnels’s motion for post-conviction relief.
 

 
 *687
 
 ¶10. THE JUDGMENT OF THE CIRCUIT COURT OF CLAIBORNE COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CLAIBORNE COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR.
 

 [1]
 

 . In his petition to enter a guilty plea, Runnels acknowledged that his attorney informed him of the minimum and maximum sentences allowed by law for manslaughter and armed robbery. The guilty plea petition contains no provision for Runnels to serve only fifty-percent of his sentence.
 

 [2]
 

 . The statute provides that a defendant may be sentenced to life imprisonment for armed robbery, if that sentence is set by a jury. Without a jury recommendation of a life sentence, the trial judge must sentence the defendant to a term less than life.
 
 See Parker v. State,
 
 367 So.2d 456, 458 (Miss.1979).