BRANTLEY, J.,
for the Court.
¶ 1. David Fields, pro se, appeals an order of the Circuit Court of Monroe County, Mississippi denying his petition for post-conviction relief. Aggrieved, Fields perfected this appeal, arguing that the circuit court erred in dismissing his motion for post-conviction relief. He argues that the trial court failed to exercise consideration, deliberation and thoughtful use of its discretion in his sentencing. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. The Monroe County Grand Jury, in separate indictments, charged David Fields with various drug offenses. The first indictment, entered on May 26, 1998, under Cause Number CR98-123, charged Fields with selling marijuana and conspiracy to sell marijuana. Fields pled guilty to these charges. The court sentenced Fields on Count I, sale of marijuana, to twenty years with five years suspended and five years post-release supervision and ordered him to pay fines to various parties. On Count II, conspiracy to sell marijuana, the court sentenced Fields to fifteen years to run concurrently with the sentence imposed in Count I of the indictment. These sentences would run concurrently with the sentences imposed under Cause Numbers CR98-149 and CR98-150 and consecutively with the sentence imposed under Cause Number CR98-148.
*991 ¶ 3. The second indictment, entered on May 26, 1998, under Cause Number CR98-148, charged Fields with selling marijuana and conspiracy to sell marijuana. Fields pled guilty to these charges. The court sentenced Fields on both counts to two concurrent ten year sentences, suspended and to run consecutively with sentence imposed in Cause Number CR98-123.
¶ 4. The third indictment, entered on May 26, 1998, under Cause Number CR98-149, charged Fields with selling marijuana and conspiracy to sell marijuana. Fields pled guilty to these charges. The court sentenced Fields on both counts to two concurrent ten year sentences, to run concurrently with the sentences imposed under Cause Numbers CR98-123, CR98-148 and CR98-150.
¶ 5. The fourth indictment, entered on May 26, 1998, under Cause Number CR98-150, charged Fields with selling marijuana. Fields pled guilty to this charge. The court sentenced Fields to three years to run concurrently with the sentences imposed under Cause Numbers CR98-123, CR98-148 and CR98-149 and to pay costs.
¶ 6. On October 17, 2000, Fields filed a motion for post-conviction relief which the circuit court denied by order filed December 14, 2000. Fields appeals to this Court, the circuit court’s dismissal of his motion for post-conviction relief.
ANALYSIS OF THE ISSUE PRESENTED
WHETHER THE TRIAL COURT ERRED IN DISMISSING HIS MOTION FOR POST CONVICTION RELIEF DUE TO THE ALLEGED EXCESSIVENESS OF HIS SENTENCE.
¶ 7. “When reviewing a lower court’s decision to deny a petition for post-conviction relief this Court will not disturb the trial court’s factual findings unless they are found to be clearly erroneous. However, where questions of law are raised the applicable standard of review is de novo.” Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999).
¶ 8. Fields’s assignment of error accuses the trial judge of imposing an improper sentence. He argues that, because of the small amount of drugs involved and because he was a first time offender, the punishment is grossly disproportionate to the offense. This argument lacks merit. Sentencing is the prerogative of the trial court, and generally appellate courts will not review the sentence if it is within the limits prescribed by statute. Reynolds v. State, 585 So.2d 753, 756 (Miss.1991); see also Wallace v. State, 607 So.2d 1184, 1188 (Miss.1992); Reed v. State, 536 So.2d 1336, 1339 (Miss.1988); Boyington v. State, 389 So.2d 485, 491 (Miss.1980).
¶ 9. The maximum sentence for the offense of selling marijuana is twenty years and a $30,000 fine. Miss.Code Ann. § 41-29 — 139(b)(2) (Rev.2001). Additionally, the maximum sentence for the offense of conspiracy to sell marijuana is twenty years and a $500,000 fine. Miss.Code Ann. § 97-1-1 (Rev.2000). Also, the maximum sentence for the offense of selling one ounce or less of marijuana is three years and a $3,000 fine. Miss.Code Ann. § 41-29 — 139(b)(3) (Rev.2001). Under four separate indictments, Fields was charged with three counts of selling marijuana, three counts of conspiracy to sell marijuana and one count of selling one ounce or less of marijuana. Therefore, Fields could have been sentenced to the maximum on each count, totaling one hundred twenty-three years. Fields’s sentences are well within the purview of the statute. However, *992 Fields contends that his fifteen year sentence was disproportionate to the offenses, in violation of the Eighth Amendment to the Constitution of the United States. Although we have previously stated that a sentence is not subject to review which is within the statutory guidelines, a sentence is subject to review where it is alleged, as here, that the penalty imposed is disproportionate to the crime charged. Fleming v. State, 604 So.2d 280, 302 (Miss.1992).
¶ 10. The Mississippi Supreme Court has addressed the issue of proportional sentencing pursuant to the Eighth Amendment in accordance with a three pronged analysis created by the United States Supreme Court in Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). Hoops v. State, 681 So.2d 521, 538 (Miss.1996). However, before an analysis under the Solem three prong test can be considered, first there must be a finding of an inference of “gross disproportion-ality” by comparing the crime committed to the sentence imposed. Id. at 538 (citing Harmelin v. Michigan, 501 U.S. 957, 1005, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991)).
¶ 11. Accordingly, we must first compare Fields’s crime and sentence. As stated above, Fields pled guilty to three counts of selling marijuana, three counts of conspiracy to sell marijuana and one count of selling one ounce or less of marijuana. On all but one count of his sentences were either suspended or set to run concurrently with the sentence on Count I of the first indictment of twenty years with five suspended. We cannot find that these sentences give rise to an inference of gross disproportionality. Therefore, a proportionality analysis is not necessary. Accordingly, we find the trial court was correct in denying Fields’s request for relief from his sentence.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF MONROE COUNTY DISMISSING THE MOTION FOR POST CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MONROE COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS and CHANDLER, JJ., concur.