910 So.2d 56 (2005)
Sammy Lee MILLER, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-CP-01962-COA.
Court of Appeals of Mississippi.
January 11, 2005.
*57 Sammy Lee Miller (Pro Se), attorney for appellant.
Deirdre McCrory, Jackson, attorney for appellee.
Before KING, C.J., IRVING and MYERS, JJ.
IRVING, J., for the Court.
¶ 1. On December 2, 1999, Sammy Lee Miller pleaded guilty to the sale of cocaine and was sentenced to five years in the custody of the Mississippi Department of Corrections with such time to run consecutive to any time that Miller was presently serving. Miller was presently serving a ten-year suspended sentence with five years probation for the sale of cocaine. Later, on December 2, the court entered an order revoking Miller's probation for the prior sale of cocaine charge and sentenced him to serve ten years in the Mississippi Department of Corrections. Miller was now required to serve five years for the current guilty plea to sale of cocaine and an additional ten years for the prior sale of cocaine charge due to the revocation of his probation. Miller filed a motion to vacate judgment in the Circuit Court of Washington County on November 2, 2002. However, Miller invoked the circuit court's jurisdiction pursuant to the Post Conviction Relief Act, specifically Mississippi Code Annotated section 99-39-9(4) (Rev.2000), alleging that his guilty plea was the result of improper inducements and that his counsel rendered ineffective assistance. Miller's motion to vacate judgment was denied and dismissed by the Circuit Court of Washington County on November 14, 2002.
¶ 2. Feeling aggrieved by this judgment, Miller appeals and asserts the following issues: (1) the lower court erred in construing his PCR motion as a motion for time reduction and finding it did not have jurisdiction, (2) the lower court erred in not returning his motion to vacate judgment for failure to meet the standards set *58 out in Mississippi Code Annotated section 99-39-9(4) (Rev.2000), (3) his guilty plea was not knowingly, intelligently, or voluntarily made and was the result of improper inducements, and (4) his attorney rendered ineffective assistance.
¶ 3. Finding that the trial court erroneously failed to dispose of Miller's motion on the merits, we reverse and remand for disposition on the merits.

STANDARD OF REVIEW
¶ 4. "Our standard of reviewing a trial court's denial of a post-conviction relief motion is well-settled. When reviewing a lower court's decision to deny a petition for post-conviction relief, this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous. However, where questions of law are raised, the applicable standard of review is de novo." Pace v. State, 770 So.2d 1052(¶ 4) (Miss.Ct.App.2000).

ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 5. Miller first argues that the lower court erred in finding that it did not have jurisdiction over his motion to vacate judgment. We agree with Miller's argument on this point.
¶ 6. In his "Motion to Vacate Judgment," Miller stated that he was filing his motion "pursuant to Miss.Code Ann. 99-39-1 et. seq. (Supp.1993)." He specifically invoked the court's jurisdiction "pursuant to Miss.Code Ann. § 99-39-5 (Supp.1993)." However, the trial court, relying upon the decision on the Mississippi Supreme Court decision in Presley v. State, 792 So.2d 950 (Miss.2001), held that it lacked jurisdiction to hear Miller's motion. In Presley, the Mississippi Supreme Court held, that "in the absence of a statute authorizing a modification of a sentence, `once a case has been terminated and the term of court ends, a circuit court is powerless to alter or vacate judgment.'" Id. at (¶ 18) (quoting Harrigill v. State 403 So.2d 867, 868-69 (Miss.1981)).
¶ 7. The Circuit Court of Washington County should have construed Miller's motion to vacate judgment as a motion for post-conviction relief. While it is true that Miller sought to vacate the 1999 judgment, it is clear, based upon the allegations of the motion, that he was seeking relief which may properly be sought pursuant to Mississippi's Post-Conviction Collateral Relief Act. For example, he alleged, with respect to his 1999 guilty plea, "[t]hat there were a number of inducements which violated this petitioner's due process rights, and [his] 5, 6, and 14th Amendment rights as well." He also alleged that his court-appointed counsel rendered ineffective assistance and that he had record proof to support his allegations.
¶ 8. Miller pleaded guilty to the sale of cocaine on December 2, 1999, and he filed his motion to vacate judgment on November 4, 2002. Mississippi Uniform Post-Conviction Collateral Relief Act provides that post-conviction relief may be sought by the filing of a motion for relief within three years after the entry of the judgment of conviction entered pursuant to a guilty plea. Miss.Code Ann. § 99-39-5(2) (Supp.2004). Miller's motion was timely since he filed it one month prior to the expiration of the limitation period.
¶ 9. Therefore, we find that the trial court had jurisdiction over the matter. In deciding this case, we have considered whether the circuit court's error may be considered harmless which would allow us to affirm its judgment. However, we have determined that we cannot say, on the record before us, the error is harmless. To make that determination, we would have to conclude that Miller's motion was *59 utterly without merit. On the record before us, we cannot, with confidence, reach that conclusion. For example, attached to Miller's motion were two affidavits, one from him and one from his mother. In each of these affidavits, the allegation is made that Miller's counsel promised Miller that Miller's probation for the prior conviction of the sale of cocaine would not be revoked upon his entering a guilty plea to the sale of cocaine in question.
¶ 10. To be thorough, we have reviewed the transcript of the plea hearing, but we do not find it definitive. During the plea colloquy, we note that Miller affirms his understanding that the district attorney would recommend "five years in the custody of the Department of Corrections, consecutive to any other time, and a $5,000 fine." We also note that Miller affirmed his satisfaction with the services of his attorney. However, the plea transcript is unclear as to what effect, if any, that Miller's current conviction and sentence would have on his probation emanating from his prior conviction. The record reflects only the following:
THE COURT: Is there any reason I should not impose a sentence upon the defendant at this time?
MR. KELLY: There is no reason, Your Honor. I do want to bring the Court's attention to the fact exactly who this is. This man was placed on probation on the other case Ms. Sullivan has referred to. The Court has heard the matter on revocation at one point in time, and my notes say that the modification  revocation of that previous probation was modified and he was sent to the restitution center. My notes are a little unclear about the time. There was at one point in time, I believe, a ten-year sentence I thought had been imposed, and later on in my notes I see here it appears the Court made  at least I got the impression that a hearing on October 15th that ten-year sentence had not yet been imposed.
THE COURT: That's correct. He was modified to go to the restitution center pending the outcome of this.
¶ 11. According to Miller's motion, after he entered a guilty plea to the current charges, he was brought back before the court twenty minutes later and given ten more years.
¶ 12. Given the lack of clarity in the record regarding what effect, if any, that Miller's plea would have on his existing probation, we choose to remand this matter to the circuit court where this matter can be properly sorted out. Inasmuch as the trial judge stated at the plea and sentencing hearing that Miller "was modified to go to the restitution center pending the outcome of this," it seems reasonable that at least there may have been some coupling of the matters.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF WASHINGTON COUNTY IS REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WASHINGTON COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., CHANDLER, BARNES AND ISHEE, JJ., CONCUR. MYERS AND GRIFFIS, JJ., DISSENT WITHOUT SEPARATE WRITTEN OPINION.