941 So.2d 877 (2006)
Tavaris Lendez MOSLEY, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2005-CP-01881-COA.
Court of Appeals of Mississippi.
November 7, 2006.
*878 Tavaris Lendez Mosley (Pro Se), attorney for appellant.
Office of the Attorney General by Jose Benjamin Simo, attorney for appellee.
Before LEE, P.J., IRVING, and ISHEE, JJ.
ISHEE, J., for the Court.
¶ 1. Tavaris Lender Mosley pled guilty to the charge of sale of cocaine before the Circuit Court of Lowndes County. He was sentenced to serve eleven years in the custody of the Mississippi Department of Corrections (MDOC) and ordered to pay a fine of $5,000. Mosley's pro se motion for post-conviction relief was denied by the circuit court. Aggrieved by the trial court's decision, Mosley appeals. Finding no error, we affirm.

FACTS
¶ 2 On January 30, 2003, Mosley was indicted in a two count indictment on the charge of sale of cocaine and sale of MDMA(Ecstasy) in violation of Mississippi Code Annotated section 41-29-139 (Supp. 2006) by the grand jury of Lowndes County, Mississippi.
¶ 3. Mosley pled guilty to the charge of sale of cocaine on February 2, 2005. On June 10, 2005, he filed a motion for post-conviction relief to vacate and set aside conviction and sentence. Mosley then filed a motion to amend post-conviction relief, to vacate and set aside conviction and sentence on August 1, 2005. The Circuit Court of Lowndes County denied the motion for post-conviction relief on September 1, 2005.
¶ 4. Aggrieved by the judgment against him, Mosley appeals. He asserts the following issues for this Court's review: (1) whether the indictment was valid, and (2) whether he received ineffective assistance of counsel.

STANDARD OF REVIEW
¶ 5. When reviewing the denial of a motion for post-conviction relief, we will not disturb the trial court's factual findings unless they are found to be clearly erroneous. Pace v. State, 770 So.2d 1052, 1053(¶ 4) (Miss.Ct.App.2000).

*879 ISSUES AND ANALYSIS
I. Whether the indictment was valid.
¶ 6. Mosley argues that his indictment was defective because the indictment did not specify the amount of cocaine that he allegedly sold. Rule 7.06 of the Uniform Rules of Circuit and County Court states that an indictment "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation." Mosley's indictment meets this burden.
¶ 7. With the exception of trafficking, the penalty for the sale of cocaine is the same regardless of the quantity that was sold. Miss.Code Ann. § 41-29-139(a)(1), (b)(1) (Rev.2001). Mosley's assertion that the indictment needed to mention a particular quantity of drug is flawed. Cocaine is a Schedule II drug that is made criminal by § 41-29-139(c). A particular quantity is not specified and the statute only differentiates on the basis of quantity when marijuana is involved. Carroll v. State, 755 So.2d 483, 487(¶ 12) (Miss.Ct.App. 1999). Therefore, the amount of cocaine that Mosley sold was not an essential element to the crime. Thus, the indictment was not defective. This issue is without merit.
II. Whether Mosley received ineffective assistance of counsel.
¶ 8. Mosley argues that he received ineffective assistance of counsel because his attorney failed to challenge a defective indictment. Under Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674, (1984), Mosley has the burden of proving that his counsel's assistance was deficient and that the deficiency resulted in prejudice. Campbell v. State, 878 So.2d 227, 231 (¶ 20) (Miss.Ct. App.2004). The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Strickland, 466 U.S. at 694, 104 S.Ct. 2052. Since the indictment was not defective, counsel's decision not to challenge it cannot amount to ineffective assistance of counsel, as challenging it would not have changed the result of the proceeding. Mosley has failed to present any evidence that would prove ineffective assistance of counsel. This claim is wholly without merit.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, AND ROBERTS, JJ., CONCUR.