964 So.2d 564 (2007)
Johnathan MOODY a/k/a Jonathan Earl Moody a/k/a Tojo, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2005-CA-01732-COA.
Court of Appeals of Mississippi.
June 19, 2007.
*565 Sylvia S. Owen, New Albany, attorney for appellant.
Office of the Attorney General by John R. Henry, attorney for appellee.
Before KING, C.J., IRVING and ROBERTS, JJ.
KING, C.J., for the Court.
¶ 1. Johnathan Moody appeals the Lowndes County Circuit Court's decision denying his post-conviction relief motion. Moody raises the following issues on appeal: (1) whether the trial court erred in accepting Moody's guilty plea, (2) whether the trial court improperly considered Moody's additional conspiracy charges during the sentencing phase, and (3) whether the trial court imposed a disproportionate and excessive sentence. Finding no error in the trial court's decision, we affirm.

FACTS
¶ 2. On May 9, 2003, Johnathan Moody was indicted in the Lowndes County Circuit Court on one count sale of cocaine, in violation of Mississippi Code Annotated Section 41-29-139 (Rev.2005). On February 17, 2005, the trial court held a plea hearing. After informing Moody of all the rights he waived as a result of his guilty plea, the court accepted Moody's plea and deferred sentencing until May 10, 2005. At the conclusion of the plea hearing, the State informed the judge that Moody's plea would be an open plea, but that the State had agreed to retire three of Moody's pending conspiracy counts to the file.
¶ 3. At the sentencing hearing, the State renewed its motion to retire Moody's three conspiracy charges to the file. The court granted the motion and heard from Moody's mitigation witnesses. At the conclusion of the witnesses' testimonies, the court sentenced Moody to serve fourteen years in the custody of the Mississippi Department of Corrections and five years of post-release supervision. On July 14, 2005, Moody filed his motion for post-conviction relief. The circuit court summarily dismissed the motion and Moody subsequently filed this current appeal.

STANDARD OF REVIEW
¶ 4. This Court reviews denials of post-conviction relief motions under a clearly erroneous standard. Mosley v. State, 941 So.2d 877, 878(¶ 5) (Miss.Ct.App. 2006). The trial court's factual findings will not be disturbed unless they are proven to be clearly erroneous. Rankins v. State, 839 So.2d 581, 582(¶ 3) (Miss.Ct.App. 2003). However, issues of law are reviewed *566 de novo. Miller v. State, 910 So.2d 56, 58(¶ 4) (Miss.Ct.App.2005) (citing Pace v. State, 770 So.2d 1052(¶ 4)(Miss.Ct.App.2000)).

ANALYSIS
I. Whether the trial court erred in accepting Moody's guilty plea.
¶ 5. The appellate court will not disturb a trial court's finding that a guilty plea was voluntarily entered unless the trial court's findings are clearly erroneous. White v. State, 921 So.2d 402, 404-05(¶ 7) (Miss.Ct.App.2006). The defendant bears the burden of proving his plea was involuntary and this must be proven by a preponderance of the evidence. Hargett v. State, 864 So.2d 283, 284(¶ 4) (Miss.Ct.App.2003). A defendant's plea is considered voluntary and intelligent if the defendant is advised about the nature of the charges against him, as well as the consequences of entering the guilty plea. Roby v. State, 861 So.2d 368, 369-70(¶ 4) (Miss.Ct.App.2003).
¶ 6. Moody asserts that his plea was not knowingly entered because he was not informed of the plea's nature until the entry of the guilty plea was already in progress. Moody says he was told his plea would be pursuant to a plea agreement, as opposed to an open plea. An open plea is one in which the State does not make any recommendation regarding sentencing. McNabb v. State, 915 So.2d 478, 480(¶ 9) (Miss.Ct.App.2005).
¶ 7. The trial court found Moody's guilty plea was knowingly and voluntarily entered. Despite Moody's assertions, this Court is satisfied that the record indicates Moody was advised about the nature of the charges against him, including the rights which he surrendered by entering his guilty plea. Moody's signed and sworn guilty plea petition indicated his plea would be open. Even if Moody believed he had entered an agreement with the State regarding his sentence, the plea hearing transcript, as well as the guilty plea petition, clearly stated the trial court was not bound by any recommendations of the district attorney.
¶ 8. After reviewing the guilty plea petition and the plea hearing transcript, this Court is satisfied that Moody received sufficient notice that his plea was to be an open plea. The record before this Court contains no evidence that the trial court abused its discretion in accepting Moody's guilty plea. There is no merit to this claim.
II. Whether the trial court improperly considered Moody's additional conspiracy charges during the sentencing hearing.
¶ 9. During the guilty plea hearing, the State requested the court to retire Moody's three additional conspiracy charges to the file. The State made no further recommendations about sentencing due to the open guilty plea. Moody alleges that the State should not have been allowed to comment on these additional charges because they were not included in the pre-sentencing report and, therefore, improperly considered by the judge as aggravating factors during sentencing.
¶ 10. Pre-sentence reports, provided for in Mississippi Code Annotated Section 47-7-9 (Rev.2004), are used at the trial court's discretion and are not mandatory. Roberson v. State, 595 So.2d 1310, 1315 (Miss.1992). The trial court order noted that the pre-sentencing investigation report only served as an aid in the judge's decision making and the reports do not always contain all the information relied on by the judge.
¶ 11. Even if the trial court considered the additional conspiracy charges as aggravating *567 factors, Moody's argument still has no merit. In Vaughn v. State, 964 So.2d 509, 511(¶ 10), 2006 WL 4844114 (Miss.Ct.App.2006), we rejected the defendant's argument that the trial court erred by allowing the State to comment on retired charges during the sentencing hearing. The trial court went further by allowing the State to describe witness testimony regarding the specifics of the unrelated charge. Id. at 510(¶ 4). The Court held that the trial judge has broad discretion in the evidence he may consider during a sentencing hearing. Id. at 512(¶ 14).
¶ 12. In this case, the judge made no inquiry regarding Moody's conspiracy charges and the State only commented on the charges by way of acknowledging that the State would not pursue the charges. There is no indication that the court considered the conspiracy charges as aggravating factors during the sentencing hearing. This issue is without merit.
III. Whether the trial court imposed a disproportionate and excessive sentence.
¶ 13. Prison sentences are imposed at the trial court's discretion. Jones v. State, 885 So.2d 83, 88 (¶ 12) (Miss.Ct. App.2004). Generally, this Court will not disturb a prisoner's sentence that falls within the statutory guidelines. Triplett v. State, 840 So.2d 727, 732(¶ 18) (Miss.Ct. App.2002). However, if the sentence is grossly disproportionate to the crime committed, the sentence triggers the Eighth Amendment's protection against cruel and unusual punishment. Cook v. State, 728 So.2d 117, 123(¶ 16) (Miss.Ct.App.1998).
¶ 14. The United States Supreme Court established a three prong analysis, as set forth in Solem v. Helm, 463 U.S. 277, 290-92, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), to objectively identify a disproportionate sentence. Solem's three prong analysis includes the following factors: (1) the gravity of the crimes and harshness of the penalties, (2) other criminals' sentences in the same jurisdiction for the same crimes, and (3) sentences other jurisdictions impose for commission of same crime. Id. at 292, 103 S.Ct. 3001.
¶ 15. The Court limited the application of Solem's three prong analysis in Harmelin v. Michigan, 501 U.S. 957, 965, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991). In light of Harmelin, we only apply Solem's factors to those cases where a threshold comparison of the crime committed to the sentence imposed leads to an inference of gross disproportionality. Hoops v. State, 681 So.2d 521, 538 (Miss.1996).
¶ 16. The Court previously discussed the Solem analysis in Fields v. State, 808 So.2d 989, 992 (¶¶ 10-11) (Miss.Ct.App. 2002). In Fields, the defendant argued that his sentence of twenty years, with five suspended, created an inference of gross disproportionality because he was a first time offender and because there was a small amount of drugs involved. Id. at 991(¶ 8). The Court declined to apply the Solem factors to the case, after an initial comparison of Fields' crime of selling marijuana to his sentence of twenty years, with five years suspended, led the Court to believe the sentence was not grossly disproportionate on its face. Id. at 992(¶ 11).
¶ 17. Moody alleges the trial court erred by imposing a disproportionate and excessive sentence when it sentenced him to fourteen years imprisonment in the custody of the Mississippi Department of Corrections, with five years of post release supervision, and a fine of $5,000. Moody pled guilty to one count of selling cocaine, in violation of Mississippi Code Annotated Section 41-29-139 (Rev.2005). The statutory guidelines for this offense, as provided in Mississippi Code Annotated Sections 41-29-139(b)(1) and 41-29-115(4) (Rev. *568 2005), establish the appropriate sentencing range of a minimum of zero years to a maximum of thirty years imprisonment and a fine range amount between $5,000 to a maximum of $1,000,000. Moody's sentence fell within the appropriate statutory guidelines.
¶ 18. Moody argues that Towner v. State, 837 So.2d 221, 227(¶ 21) (Miss.Ct. App.2003) supports his position that a fourteen year sentence for his first offense creates an inference of gross disproportionality and therefore, this Court should apply the Solem analysis factors. This Court disagrees. In Towner, we acknowledged that the unique facts of the particular case led it to apply the Solem analysis and find the defendant's sentence was disproportionate. Id. Towner was sentenced to the maximum sentence allowed by law for his first offense, the trial judge acknowledged that his sentence may have been too harsh, and the State had no objections to a re-sentencing hearing. Id. These facts are not present in this current appeal.
¶ 19. Additionally, Moody reasserts the argument that the trial judge's improper consideration of his additional conspiracy charges should create an inference of gross disproportionality. As previously discussed, this argument has no merit and we decline to address it any further.
¶ 20. There is a heavy burden of proof required for claims that sentences violate the Eighth Amendment's protection against cruel and usual punishment and only in rare cases will we make such a finding. McDougle v. State, 781 So.2d 909, 912(¶ 11) (Miss.Ct.App.2000). Moody was sentenced to fourteen years in prison, well below the statutory maximum of thirty years for the offense, ordered to pay a fine of $5,000, and placed on five years of post-release supervision. Moody fails to present any evidence which would require this Court to apply the Solem factors. The threshold comparison of Moody's sentence to the crime he committed does not lead to any inferences of a grossly disproportionate sentence.
¶ 21. We do not find the trial court's denial of post-conviction relief was clearly erroneous; therefore, we affirm the trial court's decision.
¶ 22. THE JUDGMENT OF THE CIRCUIT COURT OF LOWDNES COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWDNES COUNTY.
LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.